DAVID C. PARISI (SBN 162248)
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
dcparisi@parisihavens.com

JAY EDELSON
(jedelson@edelson.com)
MICHAEL J. ASCHENBRENER
(maschenbrener@edelson.com)
CHRISTOPHER L. DORE
(cdore@edelson.com)
BENJAMIN H. RICHMAN
(brichman@kamberedelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN CLARIDGE, individually and on behalf of all others similarly situated, | ) Case No. 09-CV-6032 -VRW ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT FOR:** ) |
| v. | ) **(1) Violations of 18 U.S.C. § 2702** ) **(2) Violations of Cal. Bus. & Prof.** |
| ROCKYOU, INC., a Delaware corporation, | ) **Code § 17200** ) **(3) Violations of Cal. Penal Code § 502** |
| Defendant. | ) **(4) Violations of Cal. Civ. Code § 1750** ) **(5) Breach of Contract** |
| | ) **(6) Breach of Implied Contracts** ) **(7) Breach of the Implied Covenant of** |
| | ) **Good Faith and Fair Dealing** ) **(8) Negligence** |
| | ) **(9) Negligence Per Se** ) |
| | ) **DEMAND FOR JURY TRIAL** ) |
| | ) **CLASS ACTION** |

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

Plaintiff, by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff, Alan Claridge ("Claridge"), brings this class action complaint against RockYou, Inc. ("RockYou") for failing to secure and safeguard its users' sensitive personally identifiable information ("PII"), including e-mail addresses and passwords and login credentials for social networks such as MySpace and Facebook.  RockYou knowingly violated its own terms of service and accepted, long-standing industry standards by failing to take commercially reasonable steps to protect Plaintiff and the Class members' PII.

2.      RockYou is a publisher and developer of popular online services and applications for use with social networking sites such as Facebook, MySpace, hi5 and Bebo.

3.      RockYou stored users' PII in an unencrypted database with commercially unreasonable network security.  RockYou's knowing and willful failure to secure its users' sensitive PII led to multiple security breaches that exposed the PII of 32 million users.  The exposed PII was freely published and re-published many times on the Internet, making the information available to public at large.

4.   While some security threats are unavoidable in a rapidly developing technological environment, RockYou knowingly and willfully failed to take even the most basic steps to protect its users' PII by leaving the data entirely unencrypted and available for any person with a basic set of programming skills to take the PII of at least 32 million consumers.

## PARTIES

5.      Plaintiff Alan Claridge is a resident of Evansville, Indiana.  He is a registered user of RockYou, Inc.'s services.

6.      Defendant RockYou, Inc. is a California corporation headquartered in San Mateo County, California, at 585 Broadway Street, #A, Redwood City, California 94063.  RockYou does business throughout the State of California and the nation.

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

2

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.  The Court also has jurisdiction pursuant to § 1332(d), because (a) at lease one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under the subsection apply to this action.

8.      Personal jurisdiction and Venue are proper because RockYou is a corporation headquartered in San Mateo County and/or because the improper conduct alleged in the Complaint occurred in, was directed from, and/or emanated or exported from California.

**INTRADISTRICT ASSIGNMENT**

9.      Pursuant to Local Civil Local Rule 3-2(d), this case shall be assigned to either the San Francisco or Oakland Division.

**FACTS**

10.      RockYou offers a variety of services for use through online social networks such as Facebook and MySpace.  These services include applications to share photos, write special text on a friend's page, or play games with other users.  Once a user begins operating a RockYou application on a social network site, RockYou utilizes that application as a platform to display paid advertisements.  RockYou claims to be the leading provider of social networking application-based advertising services, with more than 130 million unique customers using its applications on a monthly basis.

11.      A customer may sign up to use RockYou's applications through rockyou.com by providing a valid e-mail address and a registration password.  RockYou then stores this e-mail address and password in a database.  Additionally, and depending upon which online social network a customer chooses to utilize RockYou's products, a user may be required to provide RockYou with an email address and the password for that email account and/or a

username and password for accessing the particular social network.  RockYou also stores this information in its database.

12.     RockYou asserts through its website that it will safeguard its users sensitive PII.  RockYou's Privacy Policy specifically states:

> Our Commitment To Data Security: RockYou! uses commercially reasonable physical, managerial, and technical safeguards to preserve the integrity and security of your personal information. We cannot, however, ensure or warrant the security of any information you transmit to RockYou! and you do so at your own risk. Once we receive your transmission of information, RockYou! makes commercially reasonable efforts to ensure the security of our systems . . . .

13.     Plaintiff and the Class agreed to RockYou's Terms of Use and Privacy Policy in order to register and use RockYou's products.

14.     Plaintiff and the Class members relied on RockYou's misrepresentation that it used commercially reasonable safeguards to preserve the integrity and security of their personal information.

**RockYou's Unencrypted and Unprotected Storage of PII**

15.     RockYou collects and stores millions of users' PII in a large-scale commercial database, claiming in its privacy policy to use "commercially reasonable" methods of data protection.  However, until approximately December 5, 2009, RockYou's database stored users' PII in "clear" or "plain" text, meaning there was no form of encryption preventing an intruder from easily reading and removing the sensitive PII.  Under widely accepted standards, storing users' PII in clear text is fundamentally outside the bounds of modern database security and a significant risk to the integrity of a user's PII.

16.     Clear text passwords are not stored in a cryptographically protected form, and therefore are readily accessible to anyone with access to the database.  This means that once a hacker gains access to a network or database system, there is no further barrier or protection to removing e-mail addresses and passwords as they are presented without

encryption or additional security.  Those with access—authorized or unauthorized—may read the passwords as easily as one can read the words in this Complaint.

17.    By way of analogy, a properly protected database could be compared to the safety deposit box room at a bank.  At any major bank, the hundreds of safe deposit boxes are found inside a walk-in-safe, but then additionally protected by individual two-key locked doors.  In the website context, the outer safe door represents basic network security that prevents a hacker from getting anywhere close to a database.  However, in the event that a thief is able to bypass the outer safe door, he will encounter a significant second layer (or more) of security to thwart his intentions.  RockYou not only left the outer safe door entirely open (as detailed below), but also, left the individual safety deposit boxes open with their contents on display.

18.    Among the options available to protect its customers' PII, RockYou could have followed a commonly used method of protecting sensitive data that requires conversion and storage of a "hashed" form of a plain text password.[1]  A properly designed hash function will make it virtually impossible to decipher the original plain text password.

19.    RockYou failed to use hashing, salting, or any other common and reasonable method of data protection and therefore drastically exacerbated the consequences of a hacker bypassing its outer layer of web security.

**Consumers' E-Mail and Password Unlocks Endless Amounts of Sensitive PII**

20.    The information stored in RockYou's user database is a very powerful set of PII, including email login credentials and email account credentials.

---

[1] Under this method, when a user inputs a password, the software runs through a cryptographic hash algorithm, and if the hash value generated from the user's input matches the hash stored in the database, access is permitted.  A hash value is created by applying a hash function to a string consisting of the submitted password and another value known as a "salt."  The salt prevents attackers from easily building a list of hash values for common passwords.

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

21.     By failing to secure its users' PII, RockYou made email account and social networking account access available to even the least capable hacker.

22.     These login credentials were freely published many times on the Internet, making the information available to the general public.

23.     A person's email account and/or social networking account act as modern day filing cabinets for a variety of interactions, transactions, and correspondence.

24.     Accordingly, access to email accounts and social networking accounts allow wrongdoers to access private information, to access communications with third-parties, and to send false messages to other persons thereby causing reputational and financial damage to the accountholder.

**The Attack on RockYou's Database**

25.     On December 4, 2009, the online security firm Imperva, Inc. notified RockYou of a security problem with its SQL database.[2]  Imperva specifically informed RockYou that it had become aware of a SQL injection flaw[3] as a result of monitoring underground hacker forums.  According to Imperva, hackers were regularly discussing RockYou's SQL injection vulnerability and the fact that it was being actively exploited.

26.     SQL injection flaws have consistently been among the top online security problems of the past decade.  For example, in 2007 and 2008, hackers took advantage of a SQL injection flaw to steal 130 million credit card numbers stored on the databases of

---

[2] Like thousands of commercial website operators who collect user information, RockYou utilizes a Structured Query Language ("SQL" (pronounced "sequel")) database.  SQL is a database computer language designed for storing data in relational database management systems such as when a company needs to store and manage millions of e-mail accounts and passwords.

[3] A SQL injection flaw allows a hacker to take advantage of improperly coded web software to introduce malicious code into a company's network.  A hacker may capitalize on the improperly coded software to send a malformed SQL query to the underlying database to access the information contained in it, plant malicious code, or access other systems on the network.

---

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

Heartland Payment Systems, 7-Eleven, and Hannaford Brothers.  The attack was widely publicized and is regarded as the largest case of identity theft in American history, re-emphasizing the danger SQL injection attacks pose to commercial database security.

27.    Because knowledge and understanding of SQL injection flaws has been widespread for more than a decade, measures for protection have become readily available. SQL injections flaws, therefore, are easy to prevent and are well known to any web developer handling a large-scale commercial website.

28.    Based on its own findings, Imperva believed that prior to warning RockYou, it was likely that breaches had already occurred through RockYou's SQL injection flaw. Additionally, Imperva informed RockYou that its researchers were aware that RockYou users' webmail accounts had been accessed as a result of prior breaches.

29.    The SQL injection flaw was disproportionally hazardous to RockYou's users because RockYou had failed to encrypt its users' PII.  Therefore, once a hacker got inside RockYou's network, there was no encryption or other mechanism to prevent access to RockYou's users' PII.

30.    Had RockYou properly secured its database through known and available encryption methods, and even if a hacker were able to enter the network, he would be limited in his ability to inflict harm.  For example, a hacker still might be able cause temporary internal havoc in the operation of the site, or "vandalize" the appearance of the site by altering its code, but under the appropriate and necessary security, a hacker would not be able to steal 32 million sets of user PII because the data would be encrypted and indecipherable.

31.    However, because RockYou did not have this security in place, RockYou's security flaw was being actively exploited and the contents of its database were known and made public through underground hacker forums on or before November 29, 2009.

32.    By failing to employ commercially reasonable methods to prevent a long and well-known method of attack, RockYou knowingly, intentionally, and willfully provided

access to its database of its users' PII, thereby allowing hackers to steal, copy, or otherwise use the user data.

33.    In a December 15, 2009, interview conducted by SCMagazineUS.com, Imperva's chief technology officer, Amichai Shulman, reports:

> Others probably hacked into the database even earlier, Shulman said. Imperva researchers initially discovered the vulnerability after coming across a thread on a hacking forum, where hackers discussed the flaw and said it was being actively exploited.

> "It was probably compromised before we warned them about it," Shulman said.   He added that Imperva researchers are certain that some webmail accounts have been accessed as a result of the breach.

> "I can tell you for sure that some of them have been accessed," Shulman said. "We know that for a fact. We looked at some of those accounts and they were already flagged as abused by the webmail providers."

> "SQL injection is one of the oldest tricks in the book of application-level hacking and it allows direct access to the database through the web app," Shulman said.[4]

34.    Based on RockYou's own press release, after Imperva warned it of the SQL injection vulnerability and the high likelihood of prior breaches, RockYou "immediately brought down the site and kept it down until a security patch was in place."[5]

35.    However, RockYou did not in fact respond immediately to the warning and waited at least one day to take action to repair the SQL vulnerability.  According to an interview conducted by NetworkWorld.com with Imperva's chief technology officer, Amichai Shulman, "RockYou did not respond to Imperva, nor did it appear to immediately take down its site as it claimed in its statement to TechCrunch, Shulman said. The flaw was

---

[4] http://www.scmagazineus.com/rockyou-hack-compromises-32-million-passwords/article/159676/

[5] http://www.techcrunch.com/2009/12/14/rockyou-hacked/

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

present for a day or more after Imperva informed RockYou of the issue before it was addressed he said."[6]

36.     In the time prior to RockYou fixing the SQL vulnerability, at least one confirmed hacker known by the moniker "igigi" accessed RockYou's database and accessed and copied the email and social networking login credentials of approximately 32 million registered RockYou users.

37.     This hacker accessed and copied the user information prior to Imperva's warning, and therefore entered RockYou's database without detection.  Further, by entering the database prior to Imperva's warning, the hacker acted with separate and independent knowledge of RockYou's vulnerability.

38.     In an interview with RockYou's Chief Technology Officer, Jia Shen, Digital Beat reported that after Imperva notified RockYou of its security vulnerability, "the company began poring through its databases to find any evidence of attack.  Shen said the company doesn't know exactly what the hacker did in the attack. The company is in contact with law enforcement but isn't saying more. 'But we are assuming the worst,' Shen said. 'We checked the activity and it looked like it had been going on a couple of days before we were warned.' Mr. Shen continued, 'We started off as a small company and today we have a different engineering structure,' he said. 'But shame on us. If you make a mistake, then people can get in and it is a big hole.'"[7]

39.     On information and belief, the "activity" referred to by Mr. Shen was in fact not the individual hacker known as "igigi" who publically claimed to have accessed the database, but one or more different individuals.

---

[6] http://www.networkworld.com/news/2009/121509-rockyou-hack-exposes-names-passwords.html?page=1

[7] http://digital.venturebeat.com/2009/12/15/rockyou-explains-how-a-hacker-stole-32-million-passwords-and-what-its-doing-about-it/

40.     On information and belief, RockYou did not utilize any software designed to identify actual or potential attacks.

41.     In a statement issued after RockYou publically announced the security breach, RockYou stated that "one or more individuals illegally breached one of our databases that contained the usernames and passwords for about 32 million users in an unencrypted format."  While RockYou indicated that updates and increased security were put in place following the breach, it acknowledged that at the time of the breach, the hacked database had not been up-to-date with regard to "industry standard security protocols."[8]

42.     Implicit in RockYou's statement is the admission that the security methods it utilized to protect user PII did not meet even the most basic industry standards and knowingly exposed its users' information to attack and theft.

43.     The National Institute of Standards and Technology provides basic network security checklists addressing the very inadequacies present on RockYou's servers.[9]   The failure of a large online service provider such as RockYou to act pursuant to these basic security checklists discredits its assertion that it employed commercially reasonable measures to secure PII.

44.     The Federal Trade Commission ("FTC") has filed complaints against corporations claiming to secure customer data while remaining vulnerable to SQL injection attacks in the same manner as RockYou.[10]   In the referenced case, the FTC filed a complaint in 2003 against the 'Guess?' clothing company.  The complaint alleges that despite a posted policy ensuring reasonable Internet security measures, 'Guess?' stored customers' PII in an unencrypted database concomitantly with poor website security that permitted SQL injection

---

[8] http://www.rockyou.com/help/securityMessage.php

[9] National Checklist Program Repository, http://checklists.nist.gov

[10] *In the Matter of Guess?, Inc. and Guess.com Inc.*, (Case No. C-4091) (FTC, July 30, 2003) (available at http://www.ftc.gov/os/2003/08/guesscomp.pdf).

1    attacks.  The FTC argued that these practices constituted unfair or deceptive practices
2    affecting commerce in violation of federal law.

3    **RockYou's Business Model**

4           45.    RockYou makes products and services in the form of online applications to be
5    used in conjunction with online social networks.

6           46.    RockYou's consumers pay for RockYou's products and services with their
7    personal information.  Put another way, RockYou's consumers buy RockYou's products and
8    services by paying RockYou in the form of email account and social networking logins that
9    provide access to highly valuable personal information.  Put yet another way, RockYou's
10   consumers exchange something valuable—access to their personal information—for
11   RockYou's products and services *and* RockYou's promise to employ commercially
12   reasonable methods to safeguard their valuable personal data.

13          47.    RockYou is able to make money this way, despite not directly charging its
14   consumers for its products and services, because of the monetary value of access to its users'
15   personal information.

16          48.    RockYou describes itself as a "unique social application-based advertising
17   network."  In other words, RockYou makes money by selling advertising space, not wholly
18   unlike a newspaper or television program.

19          49.    But because RockYou has access to highly personal information about its
20   consumers, RockYou's advertising platform is particularly attractive to advertisers and
21   marketers who can use that personal information to direct highly targeted ads to RockYou's
22   customers.  In other words, RockYou's products and services are merely vehicles to acquire
23   personal data about consumers in order to sell that personal data to advertisers.

24          50.    If not for the inherent and identifiable value of access to personal consumer
25   data, RockYou could not exist.  Thus, its promises concerning the safeguarding of the

26

27

28

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

personal consumer data RockYou receives in exchange for its products and services are vital to its business and to its consumers.

51.     The practices described above—providing services to consumers and profiting from selling their personal information to third-parties online—has burgeoned into a multi-billion dollar per year industry.[11]  This business model is so successful and promising that RockYou has raised well in excess of $100 million in venture capital during its short existence.

## FACTS RELATING TO PLAINTIFF

52.     During the relevant time period, Alan Claridge was a registered account holder with RockYou.  He registered with RockYou on August 13, 2008.

53.     In signing up to utilize a photo sharing application offered by RockYou, Claridge submitted his e-mail address and a password to RockYou.

54.     On or around December 15, 2009, Claridge received an e-mail from RockYou informing him that his sensitive PII stored with RockYou may have been compromised through a security breach.

## CLASS ALLEGATIONS

55.     Plaintiff Alan Claridge brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All individuals and entities in the United States who had RockYou accounts in 2009.

Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest.  Also excluded is the judge to whom this case is assigned and the judge's immediate family, as well as any individual who contributed to the unauthorized access of RockYou's database.

---

[11] Unboxed – Rewarding Consumers for Providing Personal Data, http://www.nytimes.com/2010/07/18/business/18unboxed.html?_r=1

56.     The Class consists of millions of individuals and other entities, making joinder impractical.

57.     Plaintiff's claims are typical of the claims of all of the other members of the Class.

58.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

59.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

60.     RockYou has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

61.     The factual and legal bases of RockYou's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of RockYou's wrongful conduct.

62.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

(a)     whether RockYou failed to use reasonable care and utilized commercially reasonable methods to secure and safeguard its users' sensitive PII;

(b)     whether storing user e-mails and passwords in an unencrypted format was commercially reasonable;

(c)     whether RockYou's conduct violates the Stored Communications Act, 18 U.S.C. § 2702;

(d)     whether RockYou's conduct described herein violated the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*);

(e)     whether RockYou's conduct described herein violated California's Computer Crime Law (Cal. Penal Code § 502);

(f)     whether RockYou's conduct describe herein violated the California Legal Remedies Act (Cal. Civ. Code § 1750);

(g)     whether RockYou's conduct described herein constitutes a breach of contract;

(h)     whether RockYou's conduct described herein constitutes breach of the implied covenants of good faith and fair dealing;

(i)     whether RockYou's conduct described herein constitutes breach of implied contracts;

(j)     whether RockYou's conduct described herein was negligent and/or grossly negligent; and,

(i)     whether RockYou's conduct described herein constitutes negligence per se;

63.     Plaintiff reserves the right to revise these definitions based on facts learned in discovery.

# FIRST CAUSE OF ACTION

## Violation of the federal Stored Communications Act, 18 U.S.C. § 2702

### (On Behalf of Plaintiff and the Class)

64.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65.     The Stored Communications Act ("SCA") contains provisions that provide consumers with redress if a company mishandles their electronically stored information.  The SCA was designed, in relevant part, "to protect individuals' privacy interests in personal and proprietary information."  S.Rep. No. 99-541, at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, at 3557.

66.     Section 2702(a)(3) of the Stored Communications Act ("SCA") provides that "a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service."  18 U.S.C. § 2702(a)(3).

67.     The SCA defines "remote computing service" as "the provision to the public of computer storage or processing services by means of an electronic communications system."  18 U.S.C. § 2711(2).   The definition of "electronic communication service" under the SCA is "any service which provides to users thereof the ability to send or receive wire or electronic communications."  *Id.* at § 2510(15).

68.     Under the SCA an "electronic communication means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce."  18 U.S.C. § 2510(12).

69.     An "electronic communications system" is further defined by the SCA as "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications."  18 U.S.C. § 2510(14).

70.     The Internet is an "electronic communications system" as defined by the SCA because it uses wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of electronic communications.

71.     RockYou is a provider of remote computing services under the SCA because it stores consumers' information on computer systems by means of the Internet.

72.     RockYou is a provider of electronic communication services because it provides users the ability to send electronic communications, which are then stored on the company's computer systems.

73.     By failing to take commercially reasonable steps to safeguard sensitive data in clear contradiction of its own policies, RockYou has knowingly divulged information pertaining to consumers of its services in violation of 18 U.S.C. § 2702(a)(3).

74.     As a result of Defendant's conduct described herein and its violation of § 2702(a)(3) Plaintiff and the Class have suffered injuries.  Plaintiff, on his own behalf and on behalf of the Class, seeks an order enjoining Defendant's conduct described herein and awarding himself and the Class the maximum statutory damages available under 18 U.S.C. § 2707.

## SECOND CAUSE OF ACTION

**Violation of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200,** *et seq.*

**(On Behalf of Plaintiff and the Class)**

75.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

77.     The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair

competition.  An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

78.     As described herein, Defendant's knowing and willful failure to safeguard and secure its users' sensitive PII violates the UCL.

79.     Commonly accepted and widely practiced industry standards provide that sensitive PII stored in a commercial database should be not be accessible to theft or manipulation through a SQL injection attack, and commercially reasonable methods to prevent such attacks are widely known throughout the security industry.  Further, commonly accepted and widely practiced industry standards provide that sensitive PII stored in a commercial database, especially user passwords, should be not be stored in "clear" text, but rather encrypted to provide a barrier to removal or manipulation.

80.     RockYou failed to expend the resources necessary to protect the sensitive data entrusted to it by Plaintiff and the Class in clear contradiction of accepted industry standards for database security.  In creating the perception that it followed industry standards for database protection, RockYou gained an unfair advantage over its competitors.

81.     Additionally, RockYou deceived consumers by providing in its Terms of Use that it "uses commercially reasonable physical, managerial, and technical safeguards to preserve the integrity and security of your personal information . . . Once we receive your transmission of information, RockYou! makes commercially reasonable efforts to ensure the security of our systems."

82.     By failing to protect against SQL Injection attack, RockYou failed to use commercially reasonable safeguards to protect its consumers' personal data.

83.     By failing to maintain its consumers' personal data in an encrypted database, RockYou failed to use commercially reasonable safeguards to protect its consumers' personal data.  Storing sensitive PII in clear text is not commercially reasonable.

84.     On information and belief, RockYou has not taken any steps to prevent

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

1    continued disclosures of its user data online.

2        85.    Plaintiff and the Class members relied on RockYou's misrepresentations that

3    it would employ commercially reasonable methods to safeguard their personal data.

4        86.    By failing to employ commercially reasonable methods to safeguard its users'

5    personal data, RockYou violated its own written policy, as publicly provided in its Privacy

6    Policy.

7        87.    Defendant has violated the "unlawful" prong of the UCL because its conduct

8    as alleged herein violated the Stored Communications Act, 18 U.S.C. § 2702, the Consumer

9    Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and the California Computer Crime Law,

10   Cal. Penal Code § 502.

11       88.    Defendant has violated the fraudulent prong of the UCL by misrepresenting to

12   its users that it would use commercially reasonable methods to safeguard and secure their PII

13   in order to induce reliance on its statements for commercial gain.

14       89.    Defendant has violated the unfair prong of the UCL because it operated a

15   business that induced consumers to submit PII with the written assurance that the data would

16   be protected through commercially reasonable methods.  Defendant knowingly failed to

17   provide any commercially reasonable security methods.

18       90.    Defendant's unfair or deceptive practices occurred primarily and substantially

19   in California.  Decisions concerning the retention and safeguarding of user information were

20   made in California, RockYou maintains all or a substantial part of its computer systems

21   containing user information in California, and the security breach of its computer systems

22   took place primarily and substantially in California.

23       91.    As a result of RockYou's conduct as alleged herein, Plaintiff and Class

24   members have lost money and/or property.  They have lost money in the form of the value of

25   their personal data.  They have lost property in the form of their breached personal data,

26   which is of great value to RockYou, RockYou's advertisers, and wrongdoers.

27

28

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

92.     Pursuant to Cal. Bus. & Prof. Code §§ 17203 and/or 17204, Plaintiff seeks an order permanently enjoining Defendant from continuing to engage in the unfair and unlawful conduct described herein.  Plaintiff seeks an order requiring Defendant to (1) immediately stop the unlawful practices stated in this Complaint; (2) ensure that RockYou user data does not appear in Internet search engines; (3) ensure that RockYou employs commercially reasonable methods to safeguard its user data; and, (4) pay attorney's fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

## THIRD CAUSE OF ACTION

### Violation of California's Computer Crime Law ("CCCL"), Cal. Penal Code § 502,
### (On Behalf of Plaintiff and the Class)

93.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

94.     RockYou knowingly and without permission provided a means for third parties to access its database and alter, damage, delete, destroy, steal, copy or otherwise use its users' data in violation of Cal. Penal Code § 502(c)(6).

95.     RockYou knowingly and intentionally failed to follow even the most basic database security protocols and thereby failed to safeguard and secure its users' sensitive PII by failing to employ commercially reasonable safeguards for its users' data.

96.     RockYou acted without permission by failing to obtain permission from its users, as the owners of their data, to provide a means for hackers to access their personal data.

97.     RockYou acted knowingly by failing to use commercially reasonable safeguards to protect user data that it not only promised to use, but also because it had actual knowledge of the appropriate, commercially reasonable safeguards.

98.     RockYou provided a means of access to its users' data by failing to use commercially reasonable safeguards to protect against well-known exploits.

99.     RockYou's knowing and willful conduct created the gaping security hole necessary for a malicious third party to directly access its database.  Without RockYou's knowing and willful failure to follow industry standards for data security, a third party hacker could not have stolen Plaintiff and the Class's sensitive PII.

100.     As a direct and proximate result of RockYou's violation of § 502, RockYou caused loss to Plaintiff and the Class members in the form of the value of the personal information Plaintiff and the Class members paid to RockYou in exchange for its products and services, and its promise to protect their data, in an amount to be proven at trial.  Plaintiff and the Class are entitled to the recovery of attorneys' fees pursuant to § 502(e).

101.     Plaintiff and Class members have also suffered irreparable injury as a result of Defendant's unlawful conduct, including the harvesting of their personal information. Additionally, because the stolen information cannot be returned, the harm from the security breach is ongoing and compounding.  Accordingly, Plaintiff and the Class have no adequate remedy at law, entitling them to injunctive relief.

## FOURTH CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.**

**(On Behalf of Plaintiff and the Class)**

102.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

103.     The Consumers Legal Remedies Act prohibits the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of any material fact with intent that others rely upon such act in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

104.     As described within, Defendant has engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq*., to the detriment of Plaintiff and the Class.

105.    Defendant, acting with knowledge, intentionally and unlawfully brought harm upon Plaintiff and the Class by deceptively inducing Plaintiff and the Class to register with RockYou based upon deceptive and misleading representations that it would take commercially reasonable steps to safeguard its users' sensitive PII.  Specifically, Defendant violated Cal. Civ. Code § 1750 by violating § 1770(a)(5) by representing that goods or services have characteristics and benefits, which they do not have.  Specifically, RockYou represented that it used commercially reasonable safeguards to protect its consumers' data, which it did not actually do.

106.    Plaintiff and the Class members purchased RockYou's products and services by paying RockYou with valuable personal information, thereby making them consumers under the CLRA.

107.    Plaintiff and the Class members relied on RockYou's promise to use commercially reasonable methods to safeguard their personal data.

108.    Plaintiff and the Class have suffered harm as a direct and proximate result of the Defendant's violations of law and wrongful conduct.

109.    Under Cal. Civ. Code § 1780(a) and (b), Plaintiff and the Class seek injunctive relief requiring Defendant to cease and desist the illegal conduct described herein, and any other appropriate remedy for violations of the CLRA. For the sake of clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

## FIFTH CAUSE OF ACTION

### Breach of Contract

### (On Behalf of Plaintiff and the Class)

110.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

111.    In order to use its social-networking applications, Defendant required that Plaintiff and the Class affirmatively assent to its Terms of Use Agreement (the "Agreement").

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

112.    The Agreement's provisions constitute a valid and enforceable contract between Plaintiff and the Class on the one hand, and Defendant on the other.

113.    Under the terms of the contract, Plaintiff and the Class members agreed to pay RockYou in the form of their valuable personal data in exchange for RockYou's products and services and RockYou's promise to use commercially reasonable safeguards for their consumers' user data.

114.    Under the Agreement, in order to use Defendant's social networking applications, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant, including but not limited to their e-mail addresses and corresponding passwords.  In turn, under the Agreement Defendant promised that "RockYou! uses commercially reasonable physical, managerial, and technical safeguards to preserve the integrity and security of your personal information."  Defendant further promised that it would provide Plaintiff and the Class with prompt and sufficient notice if their sensitive PII was compromised.

115.    Defendant materially breached the terms of the Agreement by its wrongful conduct alleged herein, including failing to properly secure its databases, thereby allowing Plaintiff's and the Class's sensitive PII to be compromised.  Defendant further materially breached the terms of the Agreement by failing to promptly and sufficiently notify Plaintiff and the Class that their sensitive personal information had been compromised.

116.    As a result of Defendant's misconduct and breach of the Agreement described herein, Plaintiff and the Class suffered injury.  Plaintiff and the Class members did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration in the form of their personal information, which has ascertainable value to be proven at trial.

## SIXTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (On Behalf of Plaintiff and the Class)

117.    Plaintiff incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 110-116).

118.    Plaintiff hereby pleads in the alternative to the Fifth Cause of Action.

119.    In order to use Defendant's social-networking applications, Plaintiff and the Class affirmatively assented to Defendant's Terms of Use Agreement.

120.    The Agreement's provisions constitute a valid and enforceable contract between Plaintiff and the Class on the one hand, and Defendant on the other.

121.    Implicit in the Agreement were contract provisions that prevented Defendant from engaging in conduct that frustrated or injured Plaintiff and the Class's rights to receive the benefits of the Agreement.

122.    Defendant's obligation to take commercially reasonable steps to safeguard and secure Plaintiff and the Class's sensitive PII from unauthorized access and theft was a material term of the Agreement.

123.    Furthermore, implicit in the terms of the Agreement was Defendant's obligation to comply with Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Penal Code § 502, Cal. Civ. Code §§ 1798.80, *et seq.*, and Cal. Civ. Code §§ 1750, *et seq.*

124.    Defendant breached the implied covenant of good faith and fair dealing by failing to safeguard and secure Plaintiff's and the Class's sensitive PII from unauthorized access and theft, failing to promptly and sufficiently notify Plaintiff and the Class that their sensitive PII had been compromised, and further by failing to fully comply with the proscriptions of applicable statutory law.  In so doing, RockYou acted consciously and deliberately.

125.    Defendant's misconduct and breach of the implied covenant of good faith and fair dealing as described herein resulted in injury to Plaintiff and the Class. Plaintiff and the Class members did not receive the benefit of the bargain for which they contracted and for

which they paid valuable consideration in the form of their personal information, which has ascertainable value to be proven at trial.

### SEVENTH CAUSE OF ACTION

**Breach of Implied Contracts**

**(On Behalf of Plaintiff and the Class)**

126.    Plaintiff incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 110-125.

127.    Plaintiff hereby pleads in the alternative to his Fifth and Sixth Causes of Action.

128.    In order to use Defendant's social-networking applications, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant, including their e-mail addresses and corresponding passwords.

129.    By providing that sensitive PII, and upon Defendant's acceptance of such information, Plaintiff and the Class, on the one hand, and Defendant, on the other hand, entered into implied contracts whereby Defendant was obligated to take commercially reasonable steps to secure and safeguard that information.

130.    Under the implied contract, Defendant was further obligated to provide Plaintiff and the Class prompt and sufficient notice of any and all unauthorized access and/or theft of their sensitive PII.

131.    Without such implied contracts, Plaintiff and the Class would not have provided their personal information to Defendant.

132.    By failing to properly secure Plaintiff and the Class's sensitive PII, and further by failing to notify Plaintiff and the Class that their personal information had been compromised, Defendant breached its implied contracts with Plaintiff and the Class.

133.    Defendant's breach and other misconduct described herein resulted in injury to Plaintiff and the Class. Plaintiff and the Class members did not receive the benefit of the

FIRST AMENDED COMPLAINT
09-cv-6032-VRW

bargain for which they contracted and for which they paid valuable consideration in the form of their personal information, which has ascertainable value to be proven at trial.

### EIGHTH CAUSE OF ACTION

### Negligence

### (On Behalf of Plaintiff and the Class)

134.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

135.    In order to use Defendant's social-networking applications, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant, including their e-mail addresses and corresponding passwords.

136.    By agreeing to accept Plaintiff and the Class's sensitive PII, Defendant assumed a duty, which required it to exercise reasonable care to secure and safeguard that information and to utilize commercially reasonable methods to do so.

137.    Defendant failed to protect its databases against SQL injection attacks and other security vulnerabilities, failed to encrypt Plaintiff and the Class member's passwords, and failed to provide Plaintiff and the Class with prompt and sufficient notice that their sensitive PII had been compromised, thereby breaching its duties to Plaintiff and the Class.

138.    By failing to take proper security measures to protect Plaintiff and the Class's sensitive PII as described herein, Defendant's conduct was grossly negligent and departed from all reasonable standards of care.

139.    As a direct and proximate result of Defendant's failure to exercise reasonable care and use commercially reasonable security measures, its databases were accessed without authorization and Plaintiff and the Class's sensitive PII was compromised.

140.    That security breach and resulting unauthorized access to Plaintiff and the Class's sensitive PII was reasonably foreseeable by Defendant, particularly in light of the fact that the method used to access Defendant's databases—an SQL injection attack—was well-

known within the industry and had been successfully guarded against by companies similar to Defendant for approximately a decade prior to the instant breach.

141.    Neither Plaintiff nor the other members of the Class contributed to the security breach described herein or to the unauthorized access of their sensitive PII.

142.    As a direct and proximate result of Defendant's misconduct described herein, Plaintiff and the Class were injured because they suffered the public disclosure of personal information without consent and because they were deprived the benefit of the services for which they bargained and for which they paid valuable consideration in the form of their personal information, which has ascertainable value to be proven at trial.

## NINTH CAUSE OF ACTION

### Negligence Per Se

### (On behalf of Plaintiff and the Class)

143.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

144.    Defendant's violations of the Stored Communications Act, 18 U.S.C. § 2702, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Penal Code § 502, *et seq.*, and Cal. Civ. Code § 1750, *et seq.*, resulted in injury to Plaintiff and the Class.

145.    The harm Defendant caused to Plaintiff and the Class are injuries that result from the type of occurrences those statutes were designed to prevent.

146.    Plaintiff and the Class are the type of persons for whose protection those statutes were adopted.

147.    Defendant's violations of the foregoing statutes as described herein resulted in injury to Plaintiff and the Class. Plaintiff and the Class members did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration in the form of their personal information, which has ascertainable value to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Certify this case as a class action on behalf of the Class defined above, appoint Alan Claridge as class representative, and appoint his counsel as class counsel;

B.      Declare that RockYou's actions, as described herein, violate the Stored Communications Act, 18 U.S.C. § 2702, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, the Computer Crime Law, Cal. Penal Code § 502, and the Consumer Legal Remedies Act (Cal. Bus. & Prof. Code § 1750), and constitute breach of contract, or in the alternative, breach of the implied covenant of good faith and fair dealing, or in the alternative, breach of implied contract, as well as negligence and negligence per se.

C.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*: (i) an order prohibiting RockYou from engaging in the wrongful and unlawful acts described herein; (ii) ensuring that RockYou user data does not appear in Internet search engines; and (iii) requiring RockYou to protect all data collected through the course of its business in accordance with industry standards;

D.      Award damages, including statutory damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

E.      Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.      Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.      Award such other and further relief as equity and justice may require.

1

**JURY TRIAL**

2

Plaintiff demands a trial by jury for all issues so triable.

3

Respectfully submitted,

4

Dated:  August 12, 2010

5

6

By: s/ Michael Aschenbrener
Michael Aschenbrener

7

EDELSON MCGUIRE LLC
One of the Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT
09-cv-6032-VRW