1   KAREN G. JOHNSON-MCKEWAN (State Bar No. 121570)
    kjohnson-mckewan@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
3   405 Howard Street
    San Francisco, CA  94105-2669
4   Telephone:     +1-415-773-5700
    Facsimile:     +1-415-773-5759
5
    I. NEEL CHATTERJEE (State Bar No. 173985)
6   nchatterjee@orrick.com
    DANIEL J. WEINBERG (State Bar No. 227159)
7   dweinberg@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   1000 Marsh Road
    Menlo Park, CA  94025
9   Telephone:     +1-650-614-7400
    Facsimile:     +1-650-614-7401
10
    Attorneys for Defendant
11  ROCKYOU, INC.

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

16
    ALAN CLARIDGE, an individual, on behalf       Case No.  C-09-6032-VRW
17  of himself and all others similarly situated,
                                                   **ROCKYOU'S NOTICE OF MOTION
18                 Plaintiff,                      AND MOTION TO DISMISS
                                                   COMPLAINT PURSUANT TO FED.
19          v.                                     R. CIV. P. 12(b)(6)**

20  ROCKYOU, INC., a Delaware corporation,         Date:    December 23, 2010
                                                   Time:    10:00 a.m.
21                 Defendant.                      Courtroom: 6, 17th Floor
                                                   Judge:   Honorable Vaughn R. Walker
22

23

24

25

26

27

28

OHS West:260991466.2                                   ROCKYOU'S MOTION TO DISMISS
                                                                      C-09-6032-VRW

**TABLE OF CONTENTS**

**Page**

I.    SUMMARY OF PLAINTIFF'S ALLEGATIONS ............................................................. 2

II.   PROCEDURAL BACKGROUND ............................................................................... 3

III.  ARGUMENT .............................................................................................................. 4

      A.    Legal Standards Governing A Motion To Dismiss ................................................ 5

      B.    Plaintiff Cannot State A Claim Under The Stored Communications Act............... 5

      C.    Plaintiff Cannot State A Claim Under Penal Code Section 502(c)....................... 6

            1.    As A Victim Of Unauthorized Access To Its Systems, RockYou Is
                  Not A Proper Defendant Under Section 502(c) ........................................... 7

            2.    Plaintiff Lacks Standing To Bring A Claim Under Section 502(c)
                  Because He Does Not Sufficiently Allege That He Suffered Loss............. 9

      D.    Plaintiff Cannot State A Claim Under The Consumer Legal Remedies Act ........ 10

            1.    Plaintiff Is Not A "Consumer" With Standing To Bring Suit
                  Because He Did Not Acquire Anything By Purchase Or Lease ............... 11

            2.    The CLRA Does Not Apply Because RockYou's Software
                  Applications Are Not "Goods Or Services" Within The Meaning Of
                  The Statute .............................................................................................. 11

            3.    Plaintiff's Cannot Plead A Claim Under Section 1770(a)(5)
                  Because Plaintiff Does Not Plead Reliance On RockYou's Alleged
                  Misrepresentations ................................................................................. 12

      E.    Plaintiff Cannot State A Claim For Unfair Competition ...................................... 13

            1.    Plaintiff Lacks Standing Because He Fails To Plead Injury In Fact
                  And Loss Of Money Or Property............................................................. 14

            2.    Plaintiff's Claim Under The "Unlawful" Prong Of The UCL Fails
                  Because Plaintiff Has Not Stated A Claim Under Any Other Statute ...... 16

            3.    Plaintiff's Claim Under The "Fraudulent" Prong Of The UCL Fails
                  Because Plaintiff Does Not Plead Actual Reliance On RockYou's
                  Alleged Misrepresentations ..................................................................... 16

            4.    Plaintiff's Claim Under The "Unfair" Prong Of The UCL Fails
                  Because Defendant's Conduct Did Not Result In Harm Nor Violate
                  Any Legislatively Declared Policy ......................................................... 16

      F.    Plaintiff's Contract Claims Should Be Dismissed Because Plaintiff Fails
            To Plead Either Damages Or Actionable Conduct .............................................. 17

            1.    Plaintiff Must Plead Actual Damages And Cannot Support His
                  Claims With The Mere Possibility Of Being Exposed To Future
                  Harm Or Harm Connected With The Value Of His Personal
                  Information.............................................................................................. 18

            2.    Plaintiff's Contract Claims Are Barred By The Explicit Language
                  Of The Alleged Contract......................................................................... 19

            3.    Plaintiff's Bad Faith Claim Fails Because It Is Merely Duplicative
                  Of Plaintiff's Breach Of Contract Claim ................................................ 20

1

**TABLE OF CONTENTS**
**(continued)**

2

Page

3     G.     The Complaint Fails To State A Claim For Negligence Or Negligence Per
            Se ................................................................................................................ 22

4            1.     Plaintiff Must Plead Appreciable, Nonspeculative Harm ........................ 22

5            2.     Plaintiff Cannot Establish Negligence Per Se Both Because He
                    Fails To Plead A Negligence Claim And Because He Fails To State

6                   A Claim For Any Statutory Violations ...................................................... 23

7     IV.   CONCLUSION ............................................................................................................. 23

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Aguilera* v. *Pirelli Armstrong Tire Corp.*,
223 F.3d 1010 (9th Cir. 2000) ........................................................................ 18, 19

*Ashcroft* v. *Iqbal*,
129 S. Ct. 1937 (2009) ............................................................................................ 5

*Associated Gen. Contractors of Cal., Inc.* v. *California State Council of Carpenters*,
459 U.S. 519 (1983) ................................................................................................ 5

*Branch* v. *Tunnell*,
14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) ................................................. 20

*Cattie* v. *Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ................................................................. 11

*Cruz* v. *Beto*,
405 U.S. 319 (1972) ................................................................................................ 5

*Epstein* v. *Wash. Energy Co.*,
83 F.3d 1136 (9th Cir. 1996) .................................................................................. 5

*FMC Corp.* v. *Capital Cities/ABC, Inc.*,
915 F.2d 300 (7th Cir. 1990) ............................................................................... 15

*Galbraith v. County of Santa Clara*,
307 F.3d 1119, 1127 (9th Cir. 2002) .................................................................. 20

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
352 F.3d 367, 379 (9th Cir. 2003) ....................................................................... 13

*Lozano* v. *AT&T Wireless Servs., Inc.*,
504 F.3d 718 (9th Cir. 2007) ............................................................................... 17

*Marolda* v. *Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. 2009) ................................................................ 13

*Nordberg* v. *Trilegiant Corp.*,
445 F. Supp. 2d 1082 (N.D. Cal. 2006) .............................................................. 11

*Ruiz* v. *Gap, Inc.* ("*Ruiz I*"),
540 F. Supp. 2d 1121 (N.D. Cal. 2008) ................................................... 14, 15, 18, 22

*Ruiz* v. *Gap, Inc.* ("*Ruiz II*"),
622 F. Supp. 2d 908 (N.D. Cal. 2009), *aff'd*, 2010 WL 2170993, 2010 U.S. App. LEXIS 10984 (9th Cir. 2010) ...................................................................... 18, 19, 22

*Schreiber Distrib. Co.* v. *Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir. 1986) ...............................................................................

- iii -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
(continued)

Page

**STATE CASES**

*Aas* v. *Superior Court*,
   24 Cal.4th 627, 646 (2000) ........................................................................... 22

*Briggs* v. *Eden Councillor Hope & Opp'y*,
   19 Cal. 4th 1106 (1999) ................................................................................ 8

*Careau & Co.* v. *Sec. Pac. Bus. Credit, Inc.*,
   222 Cal. App. 3d 1371 (1990)................................................................. 20, 21

*Cel-Tech Communications, Inc.* v. *Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ................................................................................ 17

*In re Christian S.*,
   7 Cal. 4th 768 (1994) ................................................................................... 8

*Crusader Ins. Co.* v. *Scottsdale Ins. Co.*,
   54 Cal. App. 4th 121 (1997).......................................................................... 23

*Fairbanks* v. *Superior Court*,
   46 Cal. 4th 56 (2009) ................................................................................... 12

*Farmers Ins. Exch.* v. *Superior Court*,
   2 Cal. 4th 377 (1992) ................................................................................... 16

*Greystone Homes Inc.* v. *Midtec, Inc.*,
   168 Cal. App. 4th 1194 (2008)....................................................................... 23

*Hall* v. *Time*,
   158 Cal. App. 4th 847 (2008) .................................................................. 14, 15

*Jurcoane* v. *Superior Court*,
   93 Cal. App. 4th 886 (2001)........................................................................... 8

*Lyons* v. *Coxcom, Inc.*,
   2009 WL. 347285  2009 U.S. Dist. LEXIS 122849 (S.D. Cal. Feb. 6, 2009) ............ 16, 17, 20

*Melchior* v. *New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003)......................................................................... 15

*Morgan* v. *Harmonix Music Sys., Inc.*,
   2009 WL. 2031765  2009 U.S. Dist. LEXIS 57528 (N.D. Cal. July 7, 2009)............ 11, 16, 17

*Motors, Inc.* v. *Times Mirror Co.*,
   102 Cal. App. 3d 735, 740 (1980).................................................................... 17

*Patent Scaffolding Co.* v. *William Simpson Constr. Co.*,
   256 Cal. App. 2d 506 (1967) ......................................................................... 18

**TABLE OF AUTHORITIES**
(continued)

Page

*Quiroz* v. *Seventh Ave. Center*,
    140 Cal. App. 4th 1256 (2006)..................................................................................... 23

*Ruiz* v. *Gap, Inc.*,
    2009 WL. 250481, 2009 U.S. Dist. LEXIS 10400 (N.D. Cal., Feb. 3, 2009) ....................... 15

*Sierra-Bay Fed. Land Bank Ass'n* v. *Superior Court*,
    227 Cal. App. 3d 318 (1991)......................................................................................... 23

*Silvaco Data Sys.* v. *Intel Corp.*,
    184 Cal. App. 4th 210 (2010)......................................................................................... 14

*Tietsworth* v. *Sears, Roebuck & Co.*,
    2009 WL. 1363548, 2009 U.S. Dist. LEXIS 40872 (N.D. Cal. May 14, 2009).................... 13

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ................................................................................................. 16

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(6)............................................................................................... 1, 5

Federal Stored Communications Act, 18 U.S.C. § 2702 .................................................. 1, 3

Federal Stored Communications Act, 18 U.S.C. § 2702(a)(3) ................................................ 4, 5

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...........................................................................*Passim*

Cal. Bus. & Prof. Code § 17204 ................................................................................ 14, 15

Cal. Civ. Code § 1750................................................................................................. 1, 3

Cal. Civ. Code §§ 1761(a) & (b)...................................................................................... 12

Cal. Civ. Code § 1761(d) ............................................................................................... 11

Cal. Civ. Code § 1770(a)........................................................................................... 10, 12

Cal. Civ. Code § 1770(a)(5).................................................................................. 10, 12, 13

Cal. Civ. Code § 1770(a)(7), (9), (14), (16)........................................................................ 13

Cal. Civ. Code § 1780(a)............................................................................................... 11

Cal. Civ. Code § 1798.81.5 .............................................................................................. 4

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3
4
Cal. Civ. Code §1798.82 ............................................................................................... 4

Cal. Civ. Code § 1858 .................................................................................................. 8

Cal. Penal Code § 502(a) ............................................................................................. 7

Cal. Penal Code § 502(c) ................................................................................. 1, 3, 6, 7, 8

Cal. Penal Code § 502(c)(1) ......................................................................................... 8

Cal. Penal Code § 502(c)(2) ......................................................................................... 8

Cal. Penal Code § 502(c)(6) ............................................................................... 6, 7, 8, 9

Cal. Penal Code § 502(e)(1) ......................................................................................... 9

Cal. Penal Code §§ 502(b)(8), (b)(9) & (e)(1) ............................................................. 9
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          **NOTICE OF MOTION**

2     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3          **PLEASE TAKE NOTICE** that, on December 23, 2010, at 10:00 a.m., or as soon

4     thereafter as the matter may be heard, Defendant RockYou, Inc. ("RockYou") will and hereby

5     does move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order

6     dismissing Plaintiff Alan Claridge's ("Plaintiff") First Amended Complaint in its entirety on the

7     grounds that Plaintiff fails to state a claim against RockYou upon which relief can be granted.

8     This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of

9     Points and Authorities, the pleadings on file, any argument of counsel, and such other materials as

10    may be presented in connection with the hearing on the motion.

11         **STATEMENT OF RELIEF SOUGHT**

12         RockYou seeks an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing

13    the following claims for failure to state a claim upon which relief can be granted: Plaintiff's first

14    cause of action for violation of the Federal Stored Communications Act, 18 U.S.C. § 2702;

15    second cause of action for violations of California's Unfair Competition Law, California Business

16    & Professions Code § 17200, *et seq.*; third cause of action for violation of California's Computer

17    Crime Law, California Penal Code § 502(c); fourth cause of action for violation of the Consumers

18    Legal Remedies Act, California Civil Code § 1750, *et seq.*; fifth cause of action for Breach of

19    Contract; sixth cause of action for Breach of the Implied Covenant of Good Faith and Fair

20    Dealing; seventh cause of action for Breach of Implied Contracts; eighth cause of action for

21    Negligence and ninth cause of action for Negligence Per Se.  RockYou asks the Court to dismiss

22    these causes of action without leave to amend.

23         **MEMORANDUM OF POINTS AND AUTHORITIES**

24         This case arises out of a well-publicized attack on the RockYou computer system.  The

25    attack, which resulted in the theft of email addresses and passwords for roughly 32 million

26    RockYou users, was carried out by a malicious hacker who stole data and taunted RockYou by

27    posting the data online.  In nine causes of action, this suit alleges that RockYou's conduct in

28    connection with the design of its computer system and implementation of security measures

1   exposed Plaintiff and others similarly situated to potential harm and caused the loss of valuable

2   information.  Fortunately for Plaintiff and the alleged class he proposes to represent, each and

3   every claim is founded on no more than speculative allegations of *potential* harm.  These claims

4   cannot survive in light of the complaint's complete lack of specific and substantive allegations

5   that Plaintiff has suffered any compensable damage or lost anything of value at all.

6        In addition, Plaintiff cannot state claims under the Federal Stored Communications Act,

7   California Computer Crime Law, and Consumers Legal Remedies Act, statutes which by their

8   plain terms do not apply to the situation at hand.  RockYou has not divulged any information,

9   RockYou is not a hacker and did not provide a means for a hacker to access the RockYou system,

10  and Plaintiff is not a "consumer."  Accordingly, and for the numerous reasons set forth more fully

11  below, Plaintiff's complaint should be dismissed.

12  **I.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

13       RockYou is a publisher and developer of online applications for use with social

14  networking sites.  First Amended Complaint ("FAC") ¶ 2.  Individuals, including plaintiff Alan

15  Claridge, may register to use these applications through rockyou.com by providing a valid e-mail

16  address and registration password.  *Id.* ¶ 11.  Plaintiff alleges that users may be required to

17  provide RockYou with login credentials for accessing e-mail accounts and social networking

18  websites, depending on which social network the users desires to employ the RockYou

19  applications.  *Id.*  RockYou stores the information provided by users in a database.  *Id.*

20       As part of its Privacy Policy, RockYou stated that it "uses commercially reasonable

21  physical, managerial, and technical safeguards to protect the integrity and security of your

22  personal information."  *Id.* ¶ 12.  Plaintiff argues, however, that RockYou failed to do so in that it

23  stored users' information without encryption.  *Id.* ¶ 15.  In addition, RockYou's database had

24  what is known as an "SQL injection flaw," which a hacker could use to break into the system.  *Id.*

25  ¶¶ 25-26.  On December 4, 2009, RockYou was notified of this vulnerability by an online

26  security firm, Imperva, Inc.  *Id.* ¶ 25.  Before then, Plaintiff alleges that the SQL injection flaw

27  was being "actively exploited" and the "contents of [the RockYou] database were known and

28  made public through underground hacker forums."  *Id.* ¶ 31.

1       In response to Imperva's warning, RockYou took down its site and implemented a

2   security patch.  *Id.* ¶ 34.  RockYou also issued a public statement announcing the security breach

3   and acknowledging that the database had contained the usernames and passwords for roughly 32

4   million users.  *Id.* ¶ 41.  On or around December 15, 2009, RockYou sent an e-mail to Plaintiff

5   informing him that his information stored with RockYou may have been compromised.  *Id.* ¶ 54.

6       According to Plaintiff, the information RockYou stored is "a very powerful set of

7   [personal information], including email login credentials and email account credentials."  *Id.* ¶ 20.

8   Plaintiff contends that access to this information could allow "wrongdoers to access private

9   information, to access communications with third-parties, and to send false messages to other

10  persons thereby causing reputational and financial damages to the accountholder."  *Id.* ¶ 24.

11  Plaintiff does not allege, however, that any of these events has actually occurred.

12      In addition, Plaintiff alleges that his user information is inherently valuable.  *See* FAC ¶¶

13  45-51, 100.  Plaintiff's allegations are difficult to follow, but seem to reduce to these essential

14  premises: (1) RockYou sells advertising space on its applications; (2) advertisers are attracted to

15  RockYou's platform because RockYou has access to users' personal information; and (3) the user

16  information is therefore valuable.  *Id.* ¶¶ 45-51.  But Plaintiff fails to allege that any value inures

17  to his benefit and if or how the user information has been devalued or lost as a result of the attack.

18      Based on his allegations, Plaintiff asserts claims for violations of the Federal Stored

19  Communications Act, 18 U.S.C. § 2702, California Unfair Competition Law ("UCL"), Cal. Bus.

20  & Prof. Code §§ 17200 *et seq.*, California Computer Crime Law, Cal. Penal Code § 502(c),

21  California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, breach of

22  contract, breach of the implied covenant of good faith and fair dealing, breach of implied

23  contract, negligence, and negligence per se.

24  **II.   PROCEDURAL BACKGROUND**

25      This is RockYou's second motion to dismiss.  Plaintiff filed his original complaint on

26  December 28, 2009.  Docket No. 1.  On June 10, 2010, RockYou filed its first motion to dismiss,

27  Docket No. 24, seeking an order dismissing the entirety of Plaintiff's complaint on grounds

28  nearly identical to those raised here, including Plaintiff's failure to plead harm sufficient to

- 3 -

1    survive Rule 12(b) scrutiny.  The motion was set to be heard on September 2, 2010, *id.*, but

2    Plaintiff asked for and received RockYou's agreement to file an amended complaint in August

3    2010.  A stipulation and amended complaint were filed on August 12, 2010.  Docket Nos. 27, 28.

4              There are three primary differences between Plaintiff's original complaint and first

5    amended complaint:

6              1.      Plaintiff eliminated a cause of action under the California Security Breach

7    Information Act, Cal. Civ. Code §§ 1798.81.5 and 1798.82.  The Act imposes security and notice

8    requirements on businesses owning or licensing "personal information," which is defined as a

9    person's name in combination with a (a) social security number, (b) driver's license number or

10   California identification card number, (c) account number, credit or debit card number, in

11   combination with any required security code, access code, or password that would permit access

12   to an individual's financial account, or (d) medical information.  Despite Plaintiff's repeated

13   allegations that RockYou stored his "sensitive personally identifiable information," Plaintiff

14   failed to allege, and simply cannot allege, that RockYou stored any "personal information," as

15   defined by the statute.

16             2.      Plaintiff added a cause of action under the Federal Stored Communications Act, 18

17   U.S.C. § 2702(a)(3).  As discussed in detail below, the Act imposes liability on entities that

18   "knowingly divulge" information about subscribers and customers to governmental entities.

19   Since RockYou has not knowingly divulged Plaintiff's information to anyone, let alone a

20   governmental entity, Plaintiff cannot state a claim for relief under the Stored Communications

21   Act.

22             3.      Plaintiff overhauled his harm allegations from the original complaint in an effort to

23   state facts sufficient to constitute cognizable claims and plead around various standing

24   requirements where, like here, a plaintiff has not suffered injury.

25   **III.    ARGUMENT**

26             Plaintiff's allegations of speculative and hypothetical consequences from the exposure of

27   his information are insufficient to support his statutory and common law claims.  Moreover,

28   Plaintiff's allegations relating to the value of his information are frivolous and fail to constitute

1   allegations of cognizable harm.  In addition, in seeking to build a case out of facts that

2   demonstrate no real injury, Plaintiff repeatedly fails to state facts sufficient to constitute claims

3   under any of the asserted California and Federal statutes.

4       **A.    Legal Standards Governing A Motion To Dismiss.**

5           A motion to dismiss a complaint for failure to state a claim under Federal Rule of Civil

6   Procedure 12(b)(6) should be granted if the plaintiff fails to plead sufficient factual matter to state

7   a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  All

8   allegations of material fact must be taken as true and construed in the light most favorable to the

9   plaintiff.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  However, "conclusory allegations of law and

10  unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

11  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  Similarly, it is inappropriate to

12  assume that the plaintiff "can prove facts which it has not alleged or that the defendants have

13  violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal.,*

14  *Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The Court may dismiss

15  a claim and deny leave to amend if the Court determines that the plaintiff cannot possibly cure the

16  deficiency by alleging additional facts that are consistent with the challenged pleading.  *Schreiber*

17  *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

18      **B.    Plaintiff Cannot State A Claim Under The Stored Communications Act.**

19          Plaintiff alleges that RockYou violated the Stored Communications Act, 18 U.S.C.

20  § 2702(a)(3), by "knowingly divulg[ing] information pertaining to consumers of its services."

21  FAC ¶ 66-74.  Plaintiff omits mention of a critical part of the statute.  Section 2702(a)(3)

22  provides, in full, that:

23              a provider of remote computing service or electronic
                communication service to the public shall not knowingly divulge
24              a record or other information pertaining to a subscriber to or
                customer of such service (not including contents of
25              communications covered by paragraph (1) or (2)) ***to any***
                ***governmental entity***.
26
27  18 U.S.C. § 2702(a)(3) (emphasis added).  Plaintiff fails to allege that RockYou divulged

28  information to a "governmental entity."  Nor could he.  Plaintiff only contends that RockYou

1    divulged information to hackers by "failing to take commercially reasonable steps to safeguard

2    sensitive data." FAC ¶ 73. Plaintiff's claim under the Stored Communications Act should be

3    dismissed.

4          Plaintiff's Stored Communications Act claim also fails because Plaintiff has not alleged

5    that RockYou "divulged" any records or information. The intrusion into the RockYou network

6    was perpetrated by a malicious hacker, who, according to Plaintiff, "**stole[]**" user e-mail addresses

7    and passwords. FAC ¶ 99 (emphasis added). Plaintiff's interpretation of the statute ignores its

8    plain meaning. "Divulge" means "to make public" or "to tell or make known." *Webster's Third*

9    *New International Dictionary* 664 (2002). It involves an affirmative act by the party making

10   information known or public. In no sense has RockYou made known or public user information

11   stored on its system. Even Plaintiff contends that the information was made "known and made

12   public through underground hacker forums," FAC ¶ 31, not by RockYou. Plaintiff has not, and

13   cannot, allege facts sufficient to state a claim that RockYou "divulged" user information.

14         Moreover, even if "failing to take commercially reasonably steps to safeguard sensitive

15   data" could constitute an act of "divulging" information, Plaintiff has not stated facts sufficient to

16   allege that RockYou "divulged" any information "knowingly." Indeed, Plaintiff alleges that

17   within a day after RockYou learned that hackers had breached its security, RockYou took the

18   database offline and repaired the security flaw. FAC ¶¶ 34-35. Undertaking immediate remedial

19   action upon learning of the flaw is inconsistent with making a knowing disclosure. Plaintiff's

20   allegations fail to allege a disclosure to a "governmental entity" and do not support a reasonable

21   interpretation of the phrase "knowingly divulge." Accordingly, Plaintiff cannot state a claim

22   under the Stored Communications Act.

23         **C.    Plaintiff Cannot State A Claim Under Penal Code Section 502(c).**

24         California Penal Code § 502(c) is entitled "Computer-Related Crimes" and sets forth nine

25   public offenses for which a perpetrator may be held civilly liable. Plaintiff alleges that RockYou

26   violated subsection (6) of section 502(c) by "[k]nowingly and without permission provid[ing] or

27   assist[ing] in providing a means of accessing a computer, computer system, or computer network

28   in violation of this section." Cal. Penal Code § 502(c)(6). Plaintiff cannot maintain a claim under

section 502(c)(6) because the statute was designed to *protect* computer system owners like RockYou, not data owners like Plaintiff.  Moreover, no matter how he contorts the statutory scheme or overstates the alleged facts, Plaintiff cannot assert a claim under section 502(c) that RockYou provided a third party with a means to steal data from its database or acted "without permission."  Finally, Plaintiff fails to allege that he suffered any loss; a necessary element of a 502(c) civil claim.

### 1. As A Victim Of Unauthorized Access To Its Systems, RockYou Is Not A Proper Defendant Under Section 502(c).

Section 502 is intended to "expand the degree of protection afforded to individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems."  Cal. Penal Code § 502(a).  Plaintiff's claim would turn the statute on its head: Section 502(c)(6), in particular it is designed to protect computer system owners like RockYou, not to render them liable for the actions of criminals who hack into their systems.

That section 502(c) is completely incompatible with RockYou's status as a defendant is demonstrated by Plaintiff's failure to plead conduct that would constitute a violation.  Plaintiff paraphrases section 502(c)(6) by stating that "RockYou knowingly and without permission provided a means for third parties to access its database . . . ."  FAC ¶ 67.  But Plaintiff fails to plead facts in support of those conclusory allegations.  Instead, Plaintiff alleges only that RockYou "failed to safeguard" user information and failed to follow database security protocols.  *Id.* ¶ 95.  Plaintiff fails to allege that RockYou "provided a means" for the unauthorized access.  Although the complaint focuses on RockYou's alleged failure to provide adequate security measures, Plaintiff does not explain how that conduct provided hackers a means of access.  Rather, in Plaintiff's own words, hackers had to "actively exploit[]" the design of the system and "send a malformed SQL query to the underlying database."  FAC ¶ 25 & n.4.  Far from being complicit in the hacker's activity, or providing the hacker a means of accessing the computer system, RockYou tried to prevent it.  RockYou is a victim, just as the statute contemplates.

Plaintiff also cannot state a cause of action under Section 502(c)(6) because Plaintiff has

1    not alleged that RockYou acted without permission in a manner relevant to the statute.

2    Subdivision (6) of Section 502(c) makes a party liable when it "[k]nowingly and without

3    permission provides or assists in providing a means of accessing a computer, computer system, or

4    computer network."  Cal. Penal Code § 502(c)(6).  Plaintiff alleges that "RockYou acted without

5    permission by failing to obtain permission from its users, as the owners of their data, to provide a

6    means for hackers to access their personal data."  FAC ¶ 96.  Unlike other subdivisions of Section

7    502(c) that expressly address access to "data," subdivision (6) is silent with respect to "data."

8    *Compare* Cal. Penal Code §§ 502(c)(1) ("Knowingly accesses and without permission alters,

9    damages, deletes, destroys, or otherwise uses any ***data*** . . .") & (c)(2) ("Knowingly accesses and

10   without permission takes, copies, or makes use of any ***data*** . . .") *with* Cal. Penal Code §

11   502(c)(6) (no mention of data).  Plaintiff's allegation that RockYou did not have its user's

12   permission to provide a means of accessing their data does not state a claim under subdivision (6).

13          Indeed, Plaintiff appears to lack standing of any sort to assert a claim under subdivision

14   (6), which clearly is designed to protect system owners, not data owners.  Plaintiff's allegations

15   under the statute cannot be supported by basic maxims of statutory interpretation.  First,

16   Plaintiff's interpretation violates the rule that the express language of a statute cannot be ignored.

17   *See* Cal. Civ. Proc. Code § 1858; *Jurcoane v. Superior Court,* 93 Cal. App. 4th 886, 894 (2001).

18   There is an obvious difference between "data" and "computer, computer system, or computer

19   network."  The Legislature chose to provide liability for "providing a means of accessing a

20   computer, computer system, or computer network," and not data.  Second, Plaintiff's

21   interpretation violates the basic rule that a court should not rewrite statutes through interpretation.

22   *In re Christian S.*, 7 Cal.4th 768, 775 (1994).  Plaintiff would have this Court insert the word

23   "data" into subdivision (6) even though the Legislature clearly excluded it.  Finally, Plaintiff's

24   interpretation would violate the basic rule that when different words and phrases are used in a

25   statute, different meanings should be presumed.  *Briggs v. Eden Councillor Hope & Opp'y*, 19

26   Cal.4th 1106, 1117 (1999).  Section 502(c) contains subdivisions referring specifically to "data"

27   and making access to data unlawful.  The use of the terms "computer, computer system, or

28   computer network" in subdivision (6), and not data, should be presumed to exclude data.

1   RockYou did act with permission.  Plaintiff's claim is based on RockYou's purported

2   failure to employ "basic database security protocols."  FAC ¶ 95.  Plaintiff's allegations,

3   therefore, attack the design of the computer system and the security utilized therein.  As the

4   undisputed owner of the computer system, RockYou had permission (its own) to design the

5   network infrastructure and security.  Section 502(c)(6) simply cannot be asserted against

6   RockYou on these facts.  Plaintiff's strained attempt to plead otherwise should be rejected.

7              **2.    Plaintiff Lacks Standing To Bring A Claim Under Section 502(c)
                       Because He Does Not Sufficiently Allege That He Suffered Loss.**

8
9          Assuming that the hacker activity can somehow be pinned on RockYou, Plaintiff still fails

10  to allege that the conduct has affected him in any way.  A civil action may be brought under

11  section 502 only by someone "who suffers damage or loss."  Cal. Penal Code § 502(e)(1).

12  Although the terms "damage" and "loss" are not explicitly defined in the statute, the statutory

13  scheme is aimed at preventing the alteration of data and the monetary expense of responding to an

14  unauthorized access.  *See id.* §§ 502(b)(8), (b)(9) & (e)(1) ("Compensatory damages shall include

15  any expenditure reasonably and necessarily incurred by the owner or lessee to verify that . . . data

16  was or was not altered, damaged, or deleted by the access.").  Plaintiff does not plead that any

17  data has been lost or altered or that he expended any money.

18         In a convoluted attempt to plead around this standing requirement, Plaintiff alleges that he

19  suffered loss "in the form of the value of the personal information Plaintiff and the Class

20  members paid to RockYou in exchange for its products and services."  *Id.* ¶ 100.  This is a *non*

21  *sequitur*.  Plaintiff has not "paid" RockYou anything.  *See* FAC ¶ 47 ("RockYou . . . [does] not

22  directly charg[e] its consumers for its products and services.").  It strains both logic and reason to

23  contend that providing an e-mail address and password to create an account constitutes payment

24  in any plain and ordinary sense of the word.[1]

25  _____
    [1] Even Plaintiff struggles to assert his allegations in a plain, concise statement:

26                  RockYou's consumers pay for RockYou's products and services
                    with their personal information.  Put another way, RockYou's
27                  consumers buy RockYou's products and services by paying
                    RockYou in the form of email account and social networking logins
28                  that provide access to highly valuable personal information.  Put yet
                    another way, RockYou's consumers exchange something valuable

More importantly, Plaintiff fails to allege that *he* derives any value from the information or that the purported value of the information has diminished.  Rather, Plaintiff merely contends that his personal information is valuable because advertisers are attracted "highly personal information" in order to "direct highly targeted ads to RockYou's customers." [2]  FAC ¶ 49.  But Plaintiff fails to state facts sufficient to show that the purported value of the information inures to his benefit.  Without stating facts sufficient to show that Plaintiff derived benefit from the purported value of his information, Plaintiff cannot allege that a supposed diminution in value results in "damage" or "loss" to him.  Indeed, Plaintiff alleges that RockYou "sell[s] [its users'] personal data to advertisers" and "third-parties online."  FAC ¶¶ 49, 51.  This allegation (which is false) is only that *RockYou*, not Plaintiff, derives value from access to or the sale of user information.  *See* FAC ¶ 47 ("RockYou is able to make money this way, . . . ."); FAC ¶ 93 (alleging user data is "of great value to RockYou, RockYou's advertisers, and wrongdoers," not Plaintiff).  Plaintiff fails to allege that his personal information (in the form of an email address and password) has any intrinsic monetary value to him, the loss of which has caused him harm.  Plaintiff likewise fails to allege how or even that the theft of the information reduced its value.

**D.     Plaintiff Cannot State A Claim Under The Consumer Legal Remedies Act.**

California Civil Code § 1770(a) lists 24 proscribed practices that when "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."  Plaintiff cannot avail himself of the CLRA, however, because (1) he not a "consumer;" (2) he does not allege that he sought or acquired any "goods or services" from RockYou; and (3) he fails to plead facts sufficient to state a claim under Section 1770(a)(5).

---

– access to their personal information – for RockYou's products
and services *and* RockYou's promise to employ commercially
reasonable methods to safeguard their valuable personal data.

FAC ¶ 46.  No matter how many ways Plaintiff tries to put it, he cannot realistically allege that he paid RockYou anything.

[2] Plaintiff does not allege that RockYou collects "highly personal information," only that RockYou collects e-mail and social networking credentials that "provide access to highly valuable personal information."  FAC ¶ 46.  But Plaintiff does not allege that RockYou accesses any valuable information.

1    **1.    Plaintiff Is Not A "Consumer" With Standing To Bring Suit Because**
     **He Did Not Acquire Anything By Purchase Or Lease.**

2

3         An action under the CLRA may only be brought by a "consumer" who suffers damage.

4    Cal. Civ. Code § 1780(a) ("Any consumer who suffers any damage as a result of [a violation]

5    may bring an action . . . ."). The term "consumer" is defined in the statute as "an individual who

6    seeks or acquires, *by purchase or lease*, any goods or services for personal, family, or household

7    purposes." *Id.* § 1761(d) (emphasis added). Plaintiff is not a consumer under this definition

8    because he did not seek or acquire any goods or services from RockYou *by purchase or lease*.

9    Signing up to use RockYou applications is free: an individual need only provide a valid e-mail

10   address and a password. FAC ¶¶ 11, 47. Although Plaintiff alleges that he signed up, he does not

11   allege that he paid RockYou any money. *Id.* ¶ 53. Plaintiff does contends that he purchased

12   RockYou's "products and services by paying RockYou with valuable personal information." *Id.*

13   ¶ 106. As discussed above, however, Plaintiff's theory fails because he does not (and cannot)

14   allege that his personal information has an intrinsic monetary value to him. *See* supra Section

15   III.C.2. Thus, plaintiff does not the meet the definition of a "consumer" under the CLRA and has

16   no standing to bring a claim.[3]

17        Plaintiff also fails to state facts sufficient to allege that he has suffered any actual harm.

18   Plaintiff's damage allegations amount to a series of hypothetical future injuries and the contention

19   he lost something of value when the personal information he *gave away* to RockYou was stolen.

20   *See* FAC ¶ 24, 100. Until Plaintiff alleges that he has suffered an actual injury, Plaintiff cannot

21   state a claim under the CLRA.

22        **2.    The CLRA Does Not Apply Because RockYou's Software Applications**
          **Are Not "Goods Or Services" Within The Meaning Of The Statute.**

23        Even if Plaintiff had standing, the CLRA would not apply to RockYou's software

24   ───────────────
     [3] Plaintiff may also lack standing because he is not a California resident. *See* William L. Stern,
25   *Bus. & Prof. Code § 17200 Practice* ¶ 10:29.1 (The Rutter Group 2009) ("The CLRA is
     actionable only by California residents."), *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082,
26   1096 (N.D. Cal. 2006) (identifying two plaintiffs as "the only plaintiffs residing in California and
     therefore the only plaintiffs with standing to enforce the CLRA against defendants"); *contra*
27   *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007) (distinguishing
     *Nordberg*), *Morgan v. Harmonix Music Sys., Inc.*, 2009 WL 2031765 *2, 2009 U.S. Dist. LEXIS
28   57528 (N.D. Cal. July 7, 2009) (implying non-resident could state a claim by alleging wrongful
     conduct by defendants in California or injury in California).

1   applications. The CLRA prohibits conduct only in connection with "the sale or lease of ***goods or***

2   ***services***." Cal. Civ. Code § 1770(a) (emphasis added). The statute defines "goods" as "tangible

3   chattels" and defines "services" as "work, labor, and services for other than a commercial or

4   business use, including services furnished in connection with the sale or repair of goods." *Id.*

5   §§ 1761(a) & (b). RockYou's software applications are neither tangible goods nor services.

6           According to Plaintiff, RockYou offers "services," including "applications to share

7   photos, write special text on a friend's page, or play games with other users." FAC ¶ 10. These

8   products are intangible software, not tangible chattels that would constitute "goods" under the

9   CLRA. Nor would software be considered a "service," despite Plaintiff's label, for it "is not work

10  or labor, nor is it related to the sale or repair of any tangible chattel." *Fairbanks v. Superior*

11  *Court*, 46 Cal.4th 56, 61 (2009) (holding life insurance is not a "service" under the CLRA). Since

12  no good or service is involved in this case, the CLRA is inapplicable.

13          Nor could Plaintiff rely on maintenance or customer service activities to support his claim.

14  The court in *Fairbanks* considered and rejected the argument that providing ancillary services

15  subjects one to the CLRA. *Id.* at 65. The court recognized that suppliers of intangible goods

16  often provide "customer services related to the maintenance, value, use, redemption, resale, or

17  repayment of [an] intangible item." *Id.* However, the court recognized, "[u]sing the existence of

18  these ancillary services to bring intangible goods within the coverage of [the CLRA] would defeat

19  the apparent legislative intent in limiting the definition of 'goods' to include only 'tangible

20  chattels.'" *Id.* Thus, to the extent RockYou employees performed work or labor related to its

21  software products, RockYou still would not be subject to the CLRA.

22                    **3.      Plaintiff's Cannot Plead A Claim Under Section 1770(a)(5) Because
                              Plaintiff Does Not Plead Reliance On RockYou's Alleged**
23                            **Misrepresentations.**

24          Even were the CLRA applicable, Plaintiff fails to allege a violation of section 1770(a)(5)

25  because he does not plead that he justifiably relied on RockYou's alleged misrepresentations.

26  Section 1770(a)(5) makes it unlawful to "[r]epresent[] that goods or services have sponsorship,

27  approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a

28  person has a sponsorship, approval, status, affiliation, or connection which he or she doe not

1    have."  Cal. Civ. Code § 1770(a)(5).  Courts have explained that, although fraud is not an

2    essential element of a CLRA claim, a claim based on a defendant's false representations

3    nonetheless includes the element of reliance.  *See Marolda v. Symantec Corp.*, 672 F. Supp. 2d

4    992, 1002-03 (N.D. Cal. 2009) ("California state and federal courts considering [claims under

5    sections 1770(a)(5), (7), (9), (14), and (16)] have required plaintiffs to demonstrate the statutory

6    causal connection [between damage and misrepresentation] by showing that they have acted in

7    reliance on the alleged misrepresentation."); *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL

8    1363548, 2009 U.S. Dist. LEXIS 40872 *9-10 (N.D. Cal. May 14, 2009) (requiring plaintiff to

9    "allege that she justifiably relied on Defendants' misrepresentations") (citing *Glen Holly Entm't,*

10   *Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003)).

11            Although Plaintiff alleges that RockYou "deceptively induc[ed] Plaintiff and the Class to

12   register with RockYou based upon deceptive and misleading representations," FAC ¶ 105,

13   nowhere does Plaintiff plead that he read any alleged misrepresentation prior to registering or that

14   he would not have registered if he had known the (alleged) truth.  Defendant merely includes a

15   conclusory allegation that he and members of his proposed class "relied on RockYou's promise to

16   use commercially reasonable methods to safeguard their personal data."  *Id.* ¶ 107.  In the absence

17   of any allegations of on what Plaintiff relied, justifiable or otherwise, Plaintiff cannot assert a

18   violation of section 1770(a)(5).

19            **E.     Plaintiff Cannot State A Claim For Unfair Competition.**

20            Plaintiff fails to satisfy the basic standing requirements to assert an unfair competition

21   claim under California Business & Professions Code § 17200 *et seq.*, which requires a plaintiff to

22   plead injury in fact and loss of money or property.  Plaintiff also fails to plead facts to support a

23   claim under any prong of the UCL.  In particular, Plaintiff fails to plead an underlying statutory

24   violation to show that any conduct was unlawful, fails to plead reliance to show that any conduct

25   was fraudulent, and fails to plead an impact on victims or a statutory violation to show that any

26   conduct was unfair.  Thus, Plaintiff's UCL claim must be dismissed.

27

28

**1.      Plaintiff Lacks Standing Because He Fails To Plead Injury In Fact And Loss Of Money Or Property.**

The complaint is devoid of allegations that Plaintiff suffered an injury in fact and lost money or property, two prerequisites to bringing suit under the UCL.  A private citizen may bring a claim under the UCL, as amended by Proposition 64, only if he "has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204; *see also Hall v. Time*, 158 Cal. App. 4th 847, 854-55 (2008) (explaining courts have found injury in fact where plaintiff has "(1) expended money due to defendant's acts of unfair competition . . . ; (2) lost money or property . . . ; or (3) been denied money to which he or she has a cognizable claim") (citations omitted).  The term "lost" implies that Plaintiff has "parted, deliberately or otherwise, with some identifiable sum formerly belonging to him" or "parted with some particular item of property he formerly owned or possessed."  *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 243-44 (2010).  However, Plaintiff does not allege any sum or item of property that he once owned and has lost.

Plaintiff instead contends he and the class have "lost money in the form of the value of their personal data," and they "lost property in the form of their breached personal data."  FAC ¶ 91.  Neither allegation confers standing under the UCL.  Indeed, courts have rejected UCL claims brought by individuals in positions similar to Plaintiff's.  *See Ruiz v. Gap, Inc.* ("*Ruiz I*"), 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008) (granting judgment on the pleadings).  In *Ruiz I*, plaintiff Joel Ruiz provided personal information to defendant Gap as part of a job application.  *Id.* at 1124.  Later, Gap disclosed that two laptops containing unencrypted personal information about job applicants had been stolen.  *Id.* 1124-25.  The court found that "Ruiz has lost neither money nor property."  *Id.* at 1127.  The court rejected Ruiz's "attempt to allege that the theft of the laptops somehow constitutes a loss of property because his personal information was contained on the laptop."  *Id.*  "Nor," the court added, "has Ruiz presented any authority to support the contention that unauthorized release of personal information constitutes a loss of property."  *Id.*  Without such authority, the court concluded it was "constrained to find that Ruiz has not alleged any loss of property and therefore has not stated a valid claim under § 17200."

1   *Id.*, *see also Ruiz v. Gap, Inc.*, 2009 WL 250481, *3-*4, 2009 U.S. Dist. LEXIS 10400 (N.D.

2   Cal., Feb. 3, 2009) (rejecting Ruiz's attempt to plead loss of property by alleging that "Plaintiffs

3   have lost property in the form of their PII").  Plaintiff's allegations should be treated the same.

4           In addition, the UCL is not subject to the overly broad interpretation of the term "money"

5   Plaintiff's theory requires.  "The voters' intent in passing Proposition 64 and enacting the changes

6   to the standing rules in Business and Professions Code section 17204 was unequivocally to

7   ***narrow*** the category of persons who could sue businesses under the UCL."  *Hall*, 158 Cal. App.

8   4th at 853 (emphasis added).  Plaintiff has not alleged that his personal information has an

9   "identifiable" value, that any purported value of the information inures to his benefit, or that the

10  information has lost any value as a result of the hack.  Plaintiff's allegation that he lost money in

11  the form of the value of the personal data simply goes too far.

12          Plaintiff also cannot allege he lost property because Plaintiff "owns" or "possesses" his

13  personal information to the same extent he did before the breach.  Unlike a thief who steals

14  tangible property, such as a computer or mobile phone, Plaintiff is not deprived of the

15  information.  The hacker merely takes a copy of the data.  *See* FAC ¶ 36 ( "[O]ne confirmed

16  hacker . . . accessed and ***copied*** the email and social networking login credentials . . . ." (emphasis

17  added)).  For the same reasons, a plaintiff cannot state a cause of action for conversion against a

18  defendant who takes or receives copies of documents or other intangible items.  *See FMC Corp.*

19  *v. Capital Cities/ABC, Inc.*, 915 F.2d 300, 303-04 (7th Cir. 1990) (applying California law and

20  holding that "the receipt of copies of documents, rather than the documents themselves, should

21  not ordinarily give rise to a claim for conversion"); *Melchior v. New Line Prods., Inc.*, 106 Cal.

22  App. 4th 779, 792-93 (2003) ("Conversion requires interference with tangible rather than

23  intangible property.").  Plaintiff has failed to allege injury in fact and loss of money or property.

24          Like the plaintiff in *Ruiz v Gap, Inc., supra*, Plaintiff does not allege a cognizable theory

25  of loss, and like Ruiz, theft of his e-mail address and password from RockYou's server is not

26  sufficient to confer standing.  Because there is no legal support for Plaintiff's interpretation of the

27  statute, this court should follow *Ruiz I* and grant RockYou's motion to dismiss.

28

1

2       **2.     Plaintiff's Claim Under The "Unlawful" Prong Of The UCL Fails
                 Because Plaintiff Has Not Stated A Claim Under Any Other Statute.**

3              Even if Plaintiff has standing, he fails to plead a proper claim under the "unlawful" prong

4       of the UCL.  The "unlawful" prong of the UCL "borrows violations of other laws and treats these

5       violations, when committed pursuant to business activity, as unlawful practices independently

6       actionable."  *Farmers Ins. Exch. v. Superior Court*, 2 Cal.4th 377, 383 (1992) (citations and

7       internal quotations omitted).  Thus, the claim stands and falls with the other violations pleaded in

8       the complaint.  *See Lyons v. Coxcom, Inc.*, 2009 WL 347285 *13, 2009 U.S. Dist. LEXIS 122849

9       (S.D. Cal. Feb. 6, 2009) ("Because Plaintiff fails to state a claim under [CLRA and other]

10      statutory provisions, Plaintiff's cause of action under the UCL for unlawful acts must also fail.");

11      *Morgan v. Harmonix Music Sys., Inc.*, 2009 WL 2031765 *4, 2009 U.S. Dist. LEXIS 57528

12      (N.D. Cal. July 7, 2009) (dismissing UCL claim after finding plaintiffs failed to state a CLRA

13      claim).  As discussed above, Plaintiff's other statutory claims are without support.  Having failed

14      to plead an underlying statutory violation, Plaintiff cannot rely on the "unlawful" prong of the

        UCL.

15      **3.     Plaintiff's Claim Under The "Fraudulent" Prong Of The UCL Fails
                 Because Plaintiff Does Not Plead Actual Reliance On RockYou's
16               Alleged Misrepresentations.**

17             As discussed above in connection with Plaintiff's CLRA claim, Plaintiff only alleges

18      conclusorily that he relied on RockYou's alleged misrepresentations in registering at

19      rockyou.com.  This deficiency is fatal to Plaintiff's claim under the "fraudulent" prong of the

20      UCL.  "[A] class representative proceeding on a claim of misrepresentation as the basis for his or

21      her UCL action must demonstrate *actual reliance* on the allegedly deceptive or misleading

22      statements, in accordance with well-settled principles regarding the element of reliance in

23      ordinary fraud actions."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009).  Having failed to

24      allege what he was exposed to and that he did rely on a representation before providing

25      information to RockYou, Plaintiff cannot maintain a claim sounding in fraud.

26      **4.     Plaintiff's Claim Under The "Unfair" Prong Of The UCL Fails
                 Because Defendant's Conduct Did Not Result In Harm Nor Violate
27               Any Legislatively Declared Policy.**

28             Plaintiff fails to plead a claim under the "unfair" prong of the UCL.  The test for

1    unfairness in consumer suits is unsettled in light of the Supreme Court of California's decision in

2    *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163 (1999),

3    which adopted a new test but limited its holding to lawsuits involving business competitors.  *See*

4    *Morgan*, 2009 WL 2031765 at *4, 2009 U.S. Dist. LEXIS 57528; *see also Lozano v. AT&T*

5    *Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007) ("California's unfair competition law, as

6    it applies to consumer suits, is currently in flux.").

7          Under the traditional test, a court examines a business practice's "impact on its alleged

8    victim, balanced against the reasons, justifications and motives of the alleged wrongdoer."

9    *Morgan*, 2009 WL 2031765 at *4, 2009 U.S. Dist. LEXIS 57528 (quoting *Motors, Inc. v. Times*

10   *Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980)).  Plaintiff's claim fails this test because Plaintiff's

11   allegations at best show only minimal impact on alleged victims.  As discussed above, Plaintiff

12   has pointed to no more than vague, hypothetical harm rather than actual injury or damage.

13   Neither Plaintiff nor any class member is alleged to have suffered any cognizable harm or

14   detriment.

15         Under the *Cel-Tech* test, "any finding of unfairness . . . [must] be tethered to some

16   legislatively declared policy."  20 Cal.4th at 185.  Because he fails to state a claim for any

17   statutory violation, Plaintiff cannot tie RockYou's conduct to the policies of those statutes.  *See*

18   *Lyons*, 2009 WL 347285 at *14, 2009 U.S. Dist. LEXIS 122849 ("Plaintiff fails to sufficiently

19   plead that Cox violated the CLRA or CFAA and thus has failed to allege that Cox's conduct

20   violates the policies underlying those statutes.").  Plaintiff does not allege that any other policies

21   are implicated.  Thus, Plaintiff's claim fails under both tests.

22         Because Plaintiff lacks standing and cannot satisfy any of the three prongs of the UCL,

23   Plaintiff's second cause of action should be dismissed.

24   **F.    Plaintiff's Contract Claims Should Be Dismissed Because Plaintiff Fails To
             Plead Either Damages Or Actionable Conduct.**

25         Plaintiff's contract claims all suffer from the common flaw that Plaintiff pleads only

26   speculative future harm and an incomprehensible theory of harm tied to the purported value of

27   personal information.  Plaintiff fails to plead actual damage as required to maintain a claim.  In

28

1    addition, the documents on which Plaintiff relies to establish a contract contain an explicit

2    disclaimer of liability for the precise circumstances giving rise to this action.  Finally, Plaintiff's

3    claim for breach of the implied covenant of good faith and fair dealing fails because it is

4    unsupported by allegations beyond those of the underlying breach of contract claim.  Plaintiff's

5    fifth, sixth, and seventh causes of action should be dismissed.

6             **1.     Plaintiff Must Plead Actual Damages And Cannot Support His Claims
                        With The Mere Possibility Of Being Exposed To Future Harm Or
7                       Harm Connected With The Value Of His Personal Information.**

8             Plaintiff cannot base his contract claims on the speculative and vague harm alleged in the

9    complaint.  "Under California law, a breach of contract claim requires a showing of appreciable

10   and actual damage."  *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir.

11   2000) (citing *Patent Scaffolding Co. v. William Simpson Constr. Co.*, 256 Cal. App. 2d 506, 511

12   (1967) ("A breach of contract without damage is not actionable.")); *Ruiz v. Gap, Inc.* ("*Ruiz II*"),

13   622 F. Supp. 2d 908, 917 (N.D. Cal. 2009), *aff'd*, 2010 WL 2170993, 2010 U.S. App. LEXIS

14   10984 (9th Cir. 2010).  Appreciable and actual damage must amount to more than nominal

15   damages, speculative harm, or the threat of future harm not yet realized.  *Aguilera*, 223 F.3d at

16   1015.  Plaintiff alleges that he "suffered injury," because he "did not receive the benefit of the

17   bargain for which [he] contracted and for which [he] paid valuable consideration in the form of

18   [his] person information."  FAC ¶ 116.  As discussed previously, Plaintiff's harm allegations do

19   not support a cognizable theory of harm or injury.  Plaintiff did not pay for RockYou's services,

20   did not allege that the purported value of his personal information inures to his benefit, did not

21   allege if or how the value of his personal information diminished and how that affects him, and

22   did not allege the loss of anything whatsoever.  Plaintiff also alleges a series of potential evils that

23   could be perpetrated by a malicious hacker with access to an individual's e-mail account, *see id.* ¶

24   24 ("[A]ccess to email accounts and social networking accounts allow wrongdoers to access

25   private information, to access communications with third-parties, and to send false messages to

26   other persons thereby causing reputational and financial damage to the accountholder."), but this

27   is far too speculative in that there are no allegations of material facts showing such evils have

28   occurred.

In *Aguilera*, the Ninth Circuit declined to recognize a "fear of future layoff" as actionable injury. *Id.* In doing so, the court found that the claimants did not suffer harm at the time they were placed "at an enhanced risk of future layoff," but rather only suffered harm when they were actually laid off. *Id.* at 1014-15. In *Ruiz II*, the Northern District of California applied *Aguilera* to a situation similar to this case. The *Ruiz* case, as discussed above, involved an individual who filed a class action lawsuit against Gap as a result of the unauthorized release of his and class members' personal information stored on stolen laptop computers. Ruiz alleged that "Plaintiff and the Class have suffered damages; they have spent time and/or money, and will continue to spend time and/or money in the future to protect themselves from harm." *Ruiz II*, 622 F. Supp. 2d at 917. But the court found *Aguilera* controlling and held that "fear of future identity theft," like "fear of future layoff," did not constitute actual damage to support a contract claim. *Id.* ("Because Ruiz has not been a victim of identity theft, he can present no evidence of appreciable and actual damage as a result of the theft of the two laptop computers.").

Plaintiff's claim suffers from the same deficiencies as Ruiz's. Because he does not plead that he has suffered reputational or financial harm, had false messages sent on his behalf, or suffered any other alleged harm or danger flowing from the exposure of his e-mail address and rockyou.com password, Plaintiff has failed to allege sufficient facts to show that he has been damaged. Indeed, Plaintiff's allegations are less developed than Ruiz's in that Plaintiff fails to even allege he or any class member has spent time or money or otherwise acted to protect him or herself since his e-mail address and rockyou.com password were allegedly stolen. The complaint is no more than an expression of Plaintiff's fear of future harm and a contrived theory to plead injury. Thus, Plaintiff's three contract claims should be dismissed.

**2.    Plaintiff's Contract Claims Are Barred By The Explicit Language Of The Alleged Contract.**

Plaintiff cannot rely on RockYou's Terms of Use and Privacy Policy to establish liability under contract because those documents disclaim the very liability Plaintiff seeks to impose. RockYou's Terms of Use clearly state, "ROCKYOU! . . . ASSUMES NO LIABILITY OR RESPONSIBILITY FOR . . . (III) ANY UNAUTHORIZED ACCESS TO OR USE OF OUR

SECURE SERVERS AND/OR ANY AND ALL PERSONAL INFORMATION AND/OR

FINANCIAL INFORMATION STORED THEREIN . . . ."  Docket No. 25 (Declaration of

Daniel J. Weinberg), Ex. A.[4]  The same disclaimer is repeated as a limitation on liability in the

next paragraph:

> IN NO EVENT SHALL ROCKYOU!, ITS OFFICERS, DIRECTORS, EMPLOYEES, OR AGENTS, BE LIABLE TO YOU FOR ANY INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, OR CONSEQUENTIAL DAMAGES WHATSOEVER RESULTING FROM . . . (III) ANY UNAUTHORIZED ACCESS TO OR USE OF OUR SECURE SERVERS AND/OR ANY AND ALL PERSONAL INFORMATION AND/OR FINANCIAL INFORMATION STORED THEREIN.

*Id.*  In addition, the Privacy Policy, which is "incorporated into and subject to the RockYou!

Terms of Use," provides that RockYou "cannot . . . ensure or warrant the security of any

information you transmit to RockYou! and you do so at your own risk."  *Id.* Ex. B.  The clause

continues by noting that RockYou's use of commercially reasonable efforts to secure the

RockYou system "is not a guarantee that such information may not be accessed, disclosed,

altered, or destroyed by breach of any of [the] physical, technical, or managerial safeguards."  *Id.*

Thus, by the terms of the alleged contract, Plaintiff cannot assert liability based on the allegations

of the complaint.

### 3.    Plaintiff's Bad Faith Claim Fails Because It Is Merely Duplicative Of Plaintiff's Breach Of Contract Claim.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails to

state a claim upon which relief can be granted.  Breach of the implied covenant "will always

result in a breach of contract," but the reverse is not true.  *Careau & Co. v. Sec. Pac. Bus. Credit,*

*Inc.*, 222 Cal. App. 3d 1371, 1393-94 (1990).  Thus, since Plaintiff cannot plead a breach of

contract claim, Plaintiff's bad faith claim must be dismissed.  *See Lyons*, 2009 WL 347285 at *9,

2009 U.S. Dist. LEXIS 122849 ("Plaintiff's claim for breach of contract fails, and thus under

---

[4] In ruling on a motion to dismiss, courts may consider documents specifically referred to in the complaint and whose authenticity no party questions, even if the documents are not physically attached to the complaint. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

1   either California or Georgia law her claim for breach of the implied covenant must also fail.").

2          Even if Plaintiff could state a claim for breach of contract, he cannot also assert a claim

3   for bad faith relying solely on the same facts.[5]  Where the allegations in support of a bad faith

4   claim "do not go beyond the statement of a mere contract breach and, relying on the same alleged

5   acts, simply seek the same damages or other relief already claimed in a companion contract cause

6   of action, ***they may be disregarded as superfluous as no additional claim is actually stated***."

7   *Careau*, 222 Cal. App. 3d at 1395 (emphasis added).  A comparison of the claims shows that

8   Plaintiff's bad faith claim is predicated on precisely the same conduct already alleged under

9   breach of contract: RockYou's alleged failure to protect Plaintiff's information and RockYou's

10  alleged failure to promptly and sufficiently notify Plaintiff of the security breach.  FAC ¶¶ 124.

11  Thus, Plaintiff fails to state any additional claim.

12         Plaintiff's attempt to plead that RockYou breached the implied covenant "further by

13  failing to comply with the proscriptions of applicable statutory law," FAC ¶ 123, is unavailing.

14  First, as discussed in detail above, Plaintiff has failed to state a claim under any of the California

15  statutes.  *See supra* Sections C-E.  Accordingly, those purported statutory violations cannot form

16  the basis for a breach of the implied covenant.  Second, Plaintiff's allegations are insufficient to

17  demonstrate the type of conduct required to support a claim for breach of the implied covenant.

18                 [A]llegations which assert such a claim must show that the conduct
                   of the defendant . . . demonstrates a failure or refusal to discharge
19                 contractual responsibilities, prompted not by an honest mistake, bad
                   judgment or negligence but rather by ***a conscious and deliberate***
20                 ***act***, which unfairly frustrates the agreed common purposes and
                   disappoints the reasonable expectations of the other party thereby
21                 depriving that party of the benefits of the agreement.

22  *Careau*, 222 Cal. App. 3d at 1395 (emphasis added).  Plaintiff's allegations sound in negligence,

23  or at worst recklessness, not a conscious and deliberate attempt by RockYou to frustrate any

24  shared common purpose.  Plaintiff's bad faith claim collapses into his breach of contract claims

25  and all three contract causes of action fall together.

26

27

28  _____

[5] Plaintiff pleads his bad faith claim in the alternative to his contract claim, FAC ¶ 118, but as
discussed above, a bad faith claim cannot exist in the absence of a breach of contract claim.

**G.** **The Complaint Fails To State A Claim For Negligence Or Negligence *Per Se*.**

Like Plaintiff's contract claims, Plaintiff's negligence claims fail because the speculative and vague allegations of harm are insufficient to satisfy the necessary damages element. Plaintiff's negligence *per se* claim also fails because Plaintiff has failed to state a claim under any statute. Thus, Plaintiff's eighth and ninth causes of action should be dismissed.

**1.** **Plaintiff Must Plead Appreciable, Nonspeculative Harm.**

Plaintiff cannot base his negligence claims on the hypothetical consequences, vague theories, and chicanery alleged in the complaint. "Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *Ruiz II*, 622 F. Supp. 2d at 913 (citing *Aas v. Superior Court*, 24 Cal.4th 627, 646 (2000)). In *Ruiz II*, the district court held that "increased risk of future identity theft . . . does not rise to the level of appreciable harm necessary to assert a negligence claim." *Id.* Plaintiff alleges no more than mere risks and conjecture when he alleges injury. Plaintiff has lost no money because he did not pay for RockYou's services. Plaintiff fails to allege that the purported value of his personal information inures to his benefit, if or how the value of his personal information diminished, and how that affects him. Indeed, Plaintiff has not alleged the loss of anything whatsoever. Moreover, Plaintiff sets forth nothing more than hypothetical perils that could arise as a result of a wrongdoer's access to his e-mail account. FAC ¶ 24. But none of those dangers has occurred. Thus, dismissal of the negligence claims is proper.[6]

---

[6] The issue of adequate harm can be resolved on the pleadings, even though the *Ruiz I* court deferred the question of harm to a motion for summary judgment, 540 F. Supp. 2d at 1126. The court's analysis of injury in *Ruiz I* was primarily focused on constitutional standing; after concluding Ruiz had alleged injury in fact sufficient to confer standing, the court summarily upheld his negligence claim. *See id.* at 1125-26. However, in its more detailed analysis on summary judgment, the court held that injury for standing purposes might still be insufficient to sustain a negligence claim. *Ruiz II*, 622 F. Supp. 2d at 913 ("While Ruiz has standing to sue based on his increased risk of future identity theft, this risk does not rise to the level of appreciable harm necessary to assert a negligence claim."). Notably, in granting summary judgment, the court cited only one fact that went beyond the pleadings: that Ruiz testified during deposition that he had never been a victim of identity theft. *Id.* Where, as here, Plaintiff does not allege identity theft in the first instance, there is no need to wait for Plaintiff to admit to the absence of that fact during discovery. The absence of a material allegation, one not even implied, warrants dismissal.

1

**2.      Plaintiff Cannot Establish Negligence Per Se Both Because He Fails To Plead A Negligence Claim And Because He Fails To State A Claim For Any Statutory Violations.**

2

3      Plaintiff's claim of negligence *per se* fails because Plaintiff has failed to state a claim for a

4 statutory violation and because even if he did so, he cannot plead the element of damages.  "The

5 doctrine of negligence *per se* is based on 'the rule that a presumption of negligence arises from

6 the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a

7 member against the type of harm that the plaintiff suffered as a result of the violation.'"

8 *Greystone Homes Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1226 (2008) (quoting *Quiroz v.*

9 *Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1285 (2006)).  Plaintiff relies on the alleged

10 violations of the Stored Communications Act, UCL, California Penal Code, and the CLRA to

11 establish negligence *per se*.  As discussed above, however, Plaintiff fails to state a claim under

12 each of these statutes.  Plaintiff's negligence *per se* claim fails as well.

13      Even if Plaintiff could plead a statutory claim, Plaintiff would still need to plead the other

14 elements of negligence, including "appreciable, nonspeculative, present harm."  Negligence *per*

15 *se* is an example of "the use of statutes to establish the elements of common law causes of

16 action."  *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 125 (1997).  Specifically,

17 statutes are used "as evidence of the standard of care."  *Id.*  But Plaintiff is not relieved of the

18 burden of proving the other elements of negligence.  *See Sierra-Bay Fed. Land Bank Ass'n v.*

19 *Superior Court*, 227 Cal. App. 3d 318, 333-34 (1991) ("[I]t is the tort of negligence, and not the

20 violation of the statute of itself, which entitles a plaintiff to recover civil damages.").  Thus,

21 Plaintiff's failure to allege actual harm is fatal to his negligence *per se* claim.

22 **IV.    CONCLUSION**

23      For the foregoing reasons, this Court should grant RockYou's motion to dismiss as to

24 each and every cause of action in the complaint.

25 Dated: September 17, 2010               ORRICK, HERRINGTON & SUTCLIFFE LLP

26                                        */s/ Karen Johnson-McKewan*
                                         _____
27                                        KAREN G. JOHNSON-MCKEWAN
                                         Attorneys for Defendant
                                         ROCKYOU, INC.
28

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 17, 2010.

4

5

6   Dated:  September 17, 2010.                    Respectfully submitted,

7                                                        /s/ *Karen Johnson-McKewan*
                                                         Karen Johnson-McKewan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260991466.2                       - 24 -                    ROCKYOU'S MOTION TO DISMISS
                                                                     C-09-6032-VRW