JAY EDELSON
(jedelson@edelson.com)
MICHAEL J. ASCHENBRENER
(maschenbrener@edelson.com)
CHRISTOPHER L. DORE
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

DAVID C. PARISI (SBN 162248)
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
dcparisi@parisihavens.com

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ALAN CLARIDGE, individually and on behalf of all others similarly situated, | Case No. 09-CV-6032-PJH |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR:** |
| v. | **(1) Violations of 18 U.S.C. § 2702** |
| | **(2) Violations of Cal. Bus. & Prof. Code § 17200** |
| ROCKYOU, INC., a Delaware corporation, | **(3) Violations of Cal. Penal Code § 502** |
| Defendant. | **(4) Violations of Cal. Civ. Code § 1750** |
| | **(5) Breach of Contract** |
| | **(6) Breach of Implied Contracts** |
| | **(7) Negligence** |
| | **(8) Negligence Per Se** |
| | **DEMAND FOR JURY TRIAL** |
| | **CLASS ACTION** |

Plaintiff, by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff, Alan Claridge ("Claridge"), brings this class action complaint against RockYou, Inc. ("RockYou") for failing to secure and safeguard its users' sensitive personally identifiable information ("PII"), including e-mail addresses and passwords and login credentials for social networks such as MySpace and Facebook.  RockYou knowingly violated its own terms of service and accepted, long-standing industry standards by failing to take commercially reasonable steps to protect Plaintiff and the Class members' PII.

2.      RockYou is a publisher and developer of popular online services and applications for use with social networking sites such as Facebook, MySpace, hi5 and Bebo.

3.      RockYou stored users' PII in an unencrypted database with commercially unreasonable network security.  RockYou's knowing and willful failure to secure its users' sensitive PII led to multiple security breaches that exposed the PII of 32 million users.  The exposed PII was freely published and re-published many times on the Internet, making the information available to the public at large.

4.      While some security threats are unavoidable in a rapidly developing technological environment, RockYou knowingly and willfully failed to take even the most basic steps to protect its users' PII by leaving the data entirely unencrypted and available for any person with a basic set of programming skills to take the PII of at least 32 million consumers.

## PARTIES

5.      Plaintiff Alan Claridge is a resident of Evansville, Indiana.  He is a registered user of RockYou, Inc.'s services.

6.      Defendant RockYou, Inc. is a California corporation headquartered in San Mateo County, California, at 585 Broadway Street, #A, Redwood City, California 94063.

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

RockYou does business throughout the State of California and the nation.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.
§ 1331.  The Court also has jurisdiction pursuant to § 1332(d), because (a) at least one
member of the putative class is a citizen of a state different from Defendant, (b) the amount
in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the
exceptions under the subsection apply to this action.

8.      Personal jurisdiction and Venue are proper because RockYou is a corporation
headquartered in San Mateo County and/or because the improper conduct alleged in the
Complaint occurred in, was directed from, and/or emanated or exported from California.

## INTRADISTRICT ASSIGNMENT

9.      Pursuant to Local Civil Local Rule 3-2(d), this case shall be assigned to either
the San Francisco or Oakland Division.

## FACTS

10.     RockYou offers a variety of services for use through online social networks
such as Facebook and MySpace.  These services include applications to share photos, write
special text on a friend's page, or play games with other users.  Once a user begins operating
a RockYou application on a social network site, RockYou utilizes that application as a
platform to display paid advertisements.  RockYou claims to be the leading provider of social
networking application-based advertising services, with more than 130 million unique
customers using its applications on a monthly basis.

11.     A customer may sign up to use RockYou's applications through rockyou.com
by providing a valid e-mail address and a registration password.  RockYou then
electronically stores this e-mail address and password in a database.  Additionally, and
depending upon which online social network with which a customer chooses to utilize
RockYou's products, a user is required to provide RockYou with an email address and the

password for that email account and/or a username and password for accessing the particular

social network.  RockYou also electronically stores this information in its database.

12.     RockYou asserts through its website that it will safeguard its users sensitive

PII.  RockYou's Privacy Policy specifically states:

> Our Commitment To Data Security: RockYou! uses
> commercially reasonable physical, managerial, and technical
> safeguards to preserve the integrity and security of your
> personal information. We cannot, however, ensure or warrant
> the security of any information you transmit to RockYou! and
> you do so at your own risk. Once we receive your transmission
> of information, RockYou! makes commercially reasonable
> efforts to ensure the security of our systems . . . .

13.     Plaintiff and the Class agreed to RockYou's Terms of Use and Privacy Policy

in order to register and use RockYou's products.

14.     Plaintiff and the Class members relied on RockYou's misrepresentation that it

used commercially reasonable safeguards to preserve the integrity and security of their

personal information.

**RockYou's Unencrypted and Unprotected Storage of PII**

15.     RockYou collects and stores millions of users' PII in a large-scale commercial

database, claiming in its privacy policy to use "commercially reasonable" methods of data

protection.  However, until approximately December 5, 2009, RockYou's database stored

users' PII in "clear" or "plain" text, meaning there was no form of encryption preventing an

intruder from easily reading and removing the sensitive PII.  Under widely accepted

standards, storing users' PII in clear text is fundamentally outside the bounds of modern

database security and a significant risk to the integrity of a user's PII.

16.     Clear text passwords are not stored in a cryptographically protected form, and

therefore are readily accessible to anyone with access to the database.  This means that once

a hacker gains access to a network or database system, there is no further barrier or

protection to removing e-mail addresses and passwords as they are presented without

1   encryption or additional security.  Those with access—authorized or unauthorized—may

2   read the passwords as easily as one can read the words in this Complaint.

3        17.    By way of analogy, a properly protected database could be compared to the

4   safety deposit box room at a bank.  At any major bank, the hundreds of safe deposit boxes are

5   found inside a walk-in-safe, but then additionally protected by individual two-key locked

6   doors.  In the website context, the outer safe door represents basic network security that

7   prevents a hacker from getting anywhere close to a database.  However, in the event that a

8   thief is able to bypass the outer safe door, he will encounter a significant second layer (or

9   more) of security to thwart his intentions.  RockYou not only left the outer safe door entirely

10  open (as detailed below), but also, left the individual safety deposit boxes open with their

11  contents on display.

12       18.    Among the options available to protect its customers' PII, RockYou could

13  have followed a commonly used method of protecting sensitive data that requires conversion

14  and storage of a "hashed" form of a plain text password.[1]  A properly designed hash function

15  will make it virtually impossible to decipher the original plain text password.

16       19.    RockYou failed to use hashing, salting, or any other common and reasonable

17  method of data protection and therefore drastically exacerbated the consequences of a hacker

18  bypassing its outer layer of web security.

19  **Consumers' E-Mail and Password Unlocks Endless Amounts of Sensitive PII**

20       20.    The information stored in RockYou's user database is a very powerful set of

21  PII, including email login credentials and email account credentials.

22

23

24  [1] Under this method, when a user inputs a password, the software runs through a
25  cryptographic hash algorithm, and if the hash value generated from the user's input matches
    the hash stored in the database, access is permitted.  A hash value is created by applying a
26  hash function to a string consisting of the submitted password and another value known as a
    "salt."  The salt prevents attackers from easily building a list of hash values for common
27  passwords.

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

5

1   21.   By failing to secure its users' PII, RockYou made email account and social

2   networking account access available to even the least capable hacker.

3   22.   These login credentials were freely published many times on the Internet,

4   making the information available to the general public.

5   23.   A person's email account and/or social networking account act as modern day

6   filing cabinets for a variety of interactions, transactions, and correspondence.

7   24.   Accordingly, access to email accounts and social networking accounts allow

8   wrongdoers to access private information, to access communications with third-parties, and

9   to send false messages to other persons thereby causing reputational and financial damage to

10   the accountholder.

11   **The Attack on RockYou's Database**

12   25.   On December 4, 2009, the online security firm Imperva, Inc. notified

13   RockYou of a security problem with its SQL database.[2]   Imperva specifically informed

14   RockYou that it had become aware of a SQL injection flaw[3] as a result of monitoring

15   underground hacker forums.   According to Imperva, hackers were regularly discussing

16   RockYou's SQL injection vulnerability and the fact that it was being actively exploited.

17   26.   SQL injection flaws have consistently been among the top online security

18   problems of the past decade.   For example, in 2007 and 2008, hackers took advantage of a

19   SQL injection flaw to steal 130 million credit card numbers stored on the databases of

20

21   [2] Like thousands of commercial website operators who collect user information, RockYou
22   utilizes a Structured Query Language ("SQL" (often pronounced "sequel")) database.  SQL
    is a database computer language designed for storing data in relational database management
23   systems such as when a company needs to store and manage millions of e-mail accounts and
    passwords.
24   [3] A SQL injection flaw allows a hacker to take advantage of improperly coded web software
    to introduce malicious code into a company's network.   A hacker may capitalize on the
25   improperly coded software to send a malformed SQL query to the underlying database to
    access the information contained in it, plant malicious code, or access other systems on the
26   network.

27

28
    SECOND AMENDED COMPLAINT
    09-cv-6032-PJH

1    Heartland Payment Systems, 7-Eleven, and Hannaford Brothers.  The attack was widely

2    publicized and is regarded as the largest case of identity theft in American history, re-

3    emphasizing the danger SQL injection attacks pose to commercial database security.

4         27.    Because knowledge and understanding of SQL injection flaws has been

5    widespread for more than a decade, measures for protection have become readily available.

6    SQL injections flaws, therefore, are easy to prevent and are well known to any web

7    developer handling a large-scale commercial website.

8         28.    Based on its own findings, Imperva believed that prior to warning RockYou, it

9    was likely that breaches had already occurred through RockYou's SQL injection flaw.

10   Additionally, Imperva informed RockYou that its researchers were aware that RockYou

11   users' webmail accounts had been accessed as a result of prior breaches.

12        29.    The SQL injection flaw was disproportionally hazardous to RockYou's users

13   because RockYou had failed to encrypt its users' PII.  Therefore, once a hacker got inside

14   RockYou's network, there was no encryption or other mechanism to prevent access to

15   RockYou's users' PII.

16        30.    Had RockYou properly secured its database through known and available

17   encryption methods, and even if a hacker were able to enter the network, he would be limited

18   in his ability to inflict harm.  For example, a hacker still might be able cause temporary

19   internal havoc in the operation of the site, or "vandalize" the appearance of the site by

20   altering its code, but under the appropriate and necessary security, a hacker would not be able

21   to steal 32 million sets of user PII because the data would be encrypted and indecipherable.

22        31.    However, because RockYou did not have this security in place, RockYou's

23   security flaw was being actively exploited and the contents of its database were known and

24   made public through underground hacker forums on or before November 29, 2009.

25        32.    By failing to employ commercially reasonable methods to prevent a long and

26   well-known method of attack, RockYou knowingly, intentionally, and willfully divulged the

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

contents of Plaintiff's communications and PII to third-parties, including hackers and the public at large.  RockYou was aware that its failures would result in a substantial certainty of divulging these contents.

33.    In a December 15, 2009, interview conducted by SCMagazineUS.com, Imperva's chief technology officer, Amichai Shulman, reports:

> Others probably hacked into the database even earlier, Shulman said. Imperva researchers initially discovered the vulnerability after coming across a thread on a hacking forum, where hackers discussed the flaw and said it was being actively exploited.

> "It was probably compromised before we warned them about it," Shulman said.  He added that Imperva researchers are certain that some webmail accounts have been accessed as a result of the breach.

> "I can tell you for sure that some of them have been accessed," Shulman said. "We know that for a fact. We looked at some of those accounts and they were already flagged as abused by the webmail providers."

> "SQL injection is one of the oldest tricks in the book of application-level hacking and it allows direct access to the database through the web app," Shulman said.[4]

34.    Based on RockYou's own press release, after Imperva warned it of the SQL injection vulnerability and the high likelihood of prior breaches, RockYou "immediately brought down the site and kept it down until a security patch was in place."[5]

35.    However, RockYou did not in fact respond immediately to the warning and waited at least one day to take action to repair the SQL vulnerability.  According to an interview conducted by NetworkWorld.com with Imperva's chief technology officer, Amichai Shulman, "RockYou did not respond to Imperva, nor did it appear to immediately take down its site as it claimed in its statement to TechCrunch, Shulman said. The flaw was

[4] http://www.scmagazineus.com/rockyou-hack-compromises-32-million-passwords/article/159676/
[5] http://www.techcrunch.com/2009/12/14/rockyou-hacked/

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

present for a day or more after Imperva informed RockYou of the issue before it was
addressed he said."[6]

36.     In the time prior to RockYou fixing the SQL vulnerability, at least one
confirmed hacker known by the moniker "igigi" accessed RockYou's database and accessed
and copied the email and social networking login credentials of approximately 32 million
registered RockYou users.

37.     This hacker accessed and copied the user information prior to Imperva's
warning, and therefore entered RockYou's database without detection.  Further, by entering
the database prior to Imperva's warning, the hacker acted with separate and independent
knowledge of RockYou's vulnerability.

38.     In an interview with RockYou's Chief Technology Officer, Jia Shen, Digital
Beat reported that after Imperva notified RockYou of its security vulnerability, "the company
began poring through its databases to find any evidence of attack.  Shen said the company
doesn't know exactly what the hacker did in the attack. The company is in contact with law
enforcement but isn't saying more. 'But we are assuming the worst,' Shen said. 'We checked
the activity and it looked like it had been going on a couple of days before we were warned.'
Mr. Shen continued, 'We started off as a small company and today we have a different
engineering structure,' he said. 'But shame on us. If you make a mistake, then people can get
in and it is a big hole.'"[7]

39.     On information and belief, the "activity" referred to by Mr. Shen was in fact
not the individual hacker known as "igigi" who publically claimed to have accessed the
database, but one or more different individuals.

---

[6] http://www.networkworld.com/news/2009/121509-rockyou-hack-exposes-names-passwords.html?page=1

[7] http://digital.venturebeat.com/2009/12/15/rockyou-explains-how-a-hacker-stole-32-million-passwords-and-what-its-doing-about-it/

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

40.     On information and belief, RockYou did not utilize any software designed to identify actual or potential attacks.

41.     In a statement issued after RockYou publically announced the security breach, RockYou stated that "one or more individuals illegally breached one of our databases that contained the usernames and passwords for about 32 million users in an unencrypted format." While RockYou indicated that updates and increased security were put in place following the breach, it acknowledged that at the time of the breach, the hacked database had not been up-to-date with regard to "industry standard security protocols."[8]

42.     Implicit in RockYou's statement is the admission that the security methods it utilized to protect user PII did not meet even the most basic industry standards and knowingly exposed its users' information to attack and theft.

43.     The National Institute of Standards and Technology provides basic network security checklists addressing the very inadequacies present on RockYou's servers.[9]   The failure of a large online service provider such as RockYou to act pursuant to these basic security checklists discredits its assertion that it employed commercially reasonable measures to secure PII.

44.     The Federal Trade Commission ("FTC") has filed complaints against corporations claiming to secure customer data while remaining vulnerable to SQL injection attacks in the same manner as RockYou.[10]   In the referenced case, the FTC filed a complaint in 2003 against the 'Guess?' clothing company.  The complaint alleges that despite a posted policy ensuring reasonable Internet security measures, 'Guess?' stored customers' PII in an unencrypted database concomitantly with poor website security that permitted SQL injection

---

[8] http://www.rockyou.com/help/securityMessage.php

[9] National Checklist Program Repository, http://checklists.nist.gov

[10] *In the Matter of Guess?, Inc. and Guess.com Inc.*, (Case No. C-4091) (FTC, July 30, 2003) (available at http://www.ftc.gov/os/2003/08/guesscomp.pdf).

1   attacks.  The FTC argued that these practices constituted unfair or deceptive practices

2   affecting commerce in violation of federal law.

3   **RockYou's Business Model**

4          45.     RockYou makes products and services in the form of online applications to be

5   used in conjunction with online social networks.

6          46.     RockYou's consumers pay for RockYou's products and services with their

7   personal information.  Put another way, RockYou's consumers buy RockYou's products and

8   services by paying RockYou in the form of email account and social networking logins that

9   provide access to highly valuable personal information.  Put yet another way, RockYou's

10  consumers exchange something valuable—access to their personal information—for

11  RockYou's products and services *and* RockYou's promise to employ commercially

12  reasonable methods to safeguard their valuable personal data.

13         47.     RockYou is able to make money this way, despite not directly charging its

14  consumers for its products and services, because of the monetary value of access to its users'

15  personal information.

16         48.     RockYou describes itself as a "unique social application-based advertising

17  network."  In other words, RockYou makes money by selling advertising space, not wholly

18  unlike a newspaper or television program.

19         49.     But because RockYou has access to highly personal information about its

20  consumers, RockYou's advertising platform is particularly attractive to advertisers and

21  marketers who can use that personal information to direct highly targeted ads to RockYou's

22  customers.  In other words, RockYou's products and services are merely vehicles to acquire

23  personal data about consumers in order to sell that personal data to advertisers.

24         50.     If not for the inherent and identifiable value of access to personal consumer

25  data, RockYou could not exist.  Thus, its promises concerning the safeguarding of the

personal consumer data RockYou receives in exchange for its products and services are vital to its business and to its consumers.

51.    The practices described above—providing services to consumers and profiting from selling their personal information to third-parties online—has burgeoned into a multi-billion dollar per year industry.[11]  This business model is so successful and promising that RockYou has raised well in excess of $100 million in venture capital during its short existence.

52.    Even consumers are recognizing the benefits of the value of personal data.  As reported by the *Wall Street Journal*, consumers can now sell their own data for considerable sums of money, thus realizing the sort of gains that companies like RockYou are accustomed to generating from the sale of personal data.[12]

## FACTS RELATING TO PLAINTIFF

53.    During the relevant time period, Alan Claridge was a registered account holder with RockYou.  He registered with RockYou on August 13, 2008.

54.    In signing up to utilize a photo sharing application offered by RockYou, Claridge submitted his e-mail address and a password to RockYou.

55.    On or around December 15, 2009, Claridge received an e-mail from RockYou informing him that his sensitive PII stored with RockYou may have been compromised through a security breach.

56.    Upon information and belief, Plaintiff's communications were subject to the breach, which resulted in injury to Plaintiff.

---

[11] Unboxed – Rewarding Consumers for Providing Personal Data, http://www.nytimes.com/2010/07/18/business/18unboxed.html?_r=1

[12] *Web's Hot New Commodity: Privacy*, http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html, last accessed on May 11, 2011.

1

## CLASS ALLEGATIONS

2        57.     Plaintiff Alan Claridge brings this action pursuant to Fed. R. Civ. P. 23(b)(2)

3    and (3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

4                        All individuals and entities in the United States who had RockYou

5                        accounts in 2009.

6    Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and

7    any entity in which Defendant has a controlling interest.  Also excluded is the judge to whom

8    this case is assigned and the judge's immediate family, as well as any individual who

9    contributed to the unauthorized access of RockYou's database.

10       58.     The Class consists of millions of individuals and other entities, making joinder

11   impractical.

12       59.     Plaintiff's claims are typical of the claims of all of the other members of the

13   Class.

14       60.     Plaintiff will fairly and adequately represent and protect the interests of the

15   other members of the Class.  Plaintiff has retained counsel with substantial experience in

16   prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to

17   vigorously prosecuting this action on behalf of the members of the Class, and have the

18   financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to

19   those of the other members of the Class.

20       61.     Absent a class action, most members of the Class would find the cost of

21   litigating their claims to be prohibitive and will have no effective remedy.  The class

22   treatment of common questions of law and fact is also superior to multiple individual actions

23   or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

24   promotes consistency and efficiency of adjudication.

25

26

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1    62.    RockYou has acted and failed to act on grounds generally applicable to

2  Plaintiff and the other members of the Class, requiring the Court's imposition of uniform

3  relief to ensure compatible standards of conduct toward the members of the Class.

4    63.    The factual and legal bases of RockYou's liability to Plaintiff and to the other

5  members of the Class are the same and resulted in injury to Plaintiff and all of the other

6  members of the Class. Plaintiff and the other members of the Class have all suffered harm as

7  a result of RockYou's wrongful conduct.

8    64.    There are many questions of law and fact common to the claims of Plaintiff

9  and the other members of the Class, and those questions predominate over any questions that

10  may affect individual members of the Class.  Common questions for the Class include but are

11  not limited to the following:

12         (a)    whether RockYou failed to use reasonable care and utilized

13              commercially reasonable methods to secure and safeguard its users' sensitive

14              PII;

15         (b)    whether storing user e-mails and passwords in an unencrypted format

16              was commercially reasonable;

17         (c)    whether RockYou's conduct violates the Stored Communications Act,

18              18 U.S.C. § 2702;

19         (d)    whether RockYou's conduct described herein violated the Unfair

20              Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.);

21         (e)    whether RockYou's conduct described herein violated California's

22              Computer Crime Law (Cal. Penal Code § 502);

23         (f)    whether RockYou's conduct describe herein violated the California

24              Legal Remedies Act (Cal. Civ. Code § 1750);

25         (g)    whether RockYou's conduct described herein constitutes a breach of

26              contract;

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

14

(h)     whether RockYou's conduct described herein constitutes breach of implied contracts;

(i)     whether RockYou's conduct described herein was negligent and/or grossly negligent; and,

(j)     whether RockYou's conduct described herein constitutes negligence per se;

65.     Plaintiff reserves the right to revise these definitions based on facts learned in discovery.

**FIRST CAUSE OF ACTION**

**Violation of the federal Stored Communications Act, 18 U.S.C. § 2702**

**(On Behalf of Plaintiff and the Class)**

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     The Stored Communications Act ("SCA") contains provisions that provide consumers with redress if a company mishandles their electronically stored information.  The SCA was designed, in relevant part, "to protect individuals' privacy interests in personal and proprietary information."  S.Rep. No. 99-541, at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, at 3557.

68.     Section 2702(a)(1) of the Stored Communications Act ("SCA") provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1).

69.     As a corporation, RockYou is a "person" under the SCA. The SCA defines "person" to include, among others, "any individual, partnership, association, joint stock company, trust, or corporation."  18 U.S.C. § 2510(6).

70.     The definition of "electronic communication service" under the SCA is "any service which provides to users thereof the ability to send or receive wire or electronic

1  communications." 18 U.S.C. § 2510(15).  As alleged herein, RockYou operates an

2  "electronic communication service" because it allows users to electronically share photos,

3  electronically write special text on friends' pages, and play electronic games with others.  As

4  further alleged herein, RockYou provides its electronic communication service to the public.

5       71.  The SCA defines "contents" of communications as "includ[ing] any

6  information concerning the substance, purport, or meaning of that communication." 18

7  U.S.C. § 2510(8).  RockYou has knowingly divulged the contents of Plaintiff's

8  communications, including but not limited to his User IDs, passwords, and other PII that he

9  communicated to RockYou while in RockYou's electronic storage.

10       72.  "'[E]lectronic storage' means—**(A)** any temporary, intermediate storage of a

11  wire or electronic communication incidental to the electronic transmission thereof; and **(B)**

12  any storage of such communication by an electronic communication service for purposes of

13  backup protection of such communication." 18 U.S.C. § 2510(17).  As alleged herein,

14  RockYou kept in electronic storage the contents of his communications.

15       73.  Section 2702(a)(2) of the SCA provides that "a person or entity providing

16  remote computing service to the public shall not knowingly divulge to any person or entity

17  the contents of any communication which is carried or maintained on that service— **(A)** on

18  behalf of, and received by means of electronic transmission from (or created by means of

19  computer processing of communications received by means of electronic transmission from),

20  a subscriber or customer of such service; **(B)** solely for the purpose of providing storage or

21  computer processing services to such subscriber or customer, if the provider is not authorized

22  to access the contents of any such communications for purposes of providing any services

23  other than storage or computer processing."

24       74.  The SCA defines "remote computing service" as "the provision to the public

25  of computer storage or processing services by means of an electronic communications

26  system." 18 U.S.C. § 2711(2).

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

75. An "electronic communications system" is defined by the SCA as "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications." 18 U.S.C. § 2510(14). The Internet is an "electronic communications system" as defined by the SCA because it uses wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of electronic communications.

76. RockYou is a provider of remote computing services under the SCA because it provides computer storage and/or processing services to the public by means of an electronic communications system. RockYou does so, in part, by providing photo-sharing services (storage and processing) and other electronic communications services such as facilitating enhanced use of social networks (storage and processing). RockYou does so by means of an electronic communications system because it utilizes the Internet.

77. By failing to take commercially reasonable steps to safeguard sensitive data, including the content of Plaintiff and other users' communications, in clear contradiction of its own policies, RockYou has knowingly divulged the contents of Plaintiff's communications in violation of 18 U.S.C. §§ 2702(a)(1) & (2). Specifically, RockYou was aware of its conduct of failing to secure the data as evidenced in part by Mr. Shen's comments. (¶ 38, *supra*.) RockYou was aware that failing to secure the data constituted the requisite circumstances for the divulging of protected information, as evidenced in part by Mr. Shen's comments. (*Id.*) RockYou was aware of the substantial certainty that failing to secure the data would result in divulging the contents of protected communications, as evidenced in part by Mr. Shen's comments. (*Id.*)

78. As a result of Defendant's conduct described herein and its violation of §§ 2702(a)(1) & (2) Plaintiff and the Class have suffered injuries. Plaintiff and the Class, pursuant to 18 U.S.C. § 2707(c), are entitled to preliminary, equitable, and declaratory relief,

1   in addition to statutory damages of no less than $1,000 per violation, actual and punitive

2   damages, and reasonable attorneys' fees.

3   **SECOND CAUSE OF ACTION**

4   **Violation of California's Unfair Competition Law**

5   **Cal. Bus. & Prof. Code § 17200, *et seq.***

6   **(This Count has been dismissed with prejudice and is included only to preserve a**

7   **potential appeal)**

8   **(On Behalf of Plaintiff and the Class)**

9   79.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

10   80.   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

11   § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in

12   commercial markets for goods and services.

13   77.   The UCL prohibits any unlawful, unfair or fraudulent business act or practice.

14   A business practice need only meet one of the three criteria to be considered unfair

15   competition.  An unlawful business practice is anything that can properly be called a business

16   practice and that at the same time is forbidden by law.

17   78.   As described herein, Defendant's knowing and willful failure to safeguard and

18   secure its users' sensitive PII violates the UCL.

19   79.   Commonly accepted and widely practiced industry standards provide that

20   sensitive PII stored in a commercial database should be not be accessible to theft or

21   manipulation through a SQL injection attack, and commercially reasonable methods to

22   prevent such attacks are widely known throughout the security industry.  Further, commonly

23   accepted and widely practiced industry standards provide that sensitive PII stored in a

24   commercial database, especially user passwords, should be not be stored in "clear" text, but

25   rather encrypted to provide a barrier to removal or manipulation.

26   80.   RockYou failed to expend the resources necessary to protect the sensitive data

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1   entrusted to it by Plaintiff and the Class in clear contradiction of accepted industry standards

2   for database security.  In creating the perception that it followed industry standards for

3   database protection, RockYou gained an unfair advantage over its competitors.

4       81.     Additionally, RockYou deceived consumers by providing in its Terms of Use

5   that it "uses commercially reasonable physical, managerial, and technical safeguards to

6   preserve the integrity and security of your personal information . . . Once we receive your

7   transmission of information, RockYou! makes commercially reasonable efforts to ensure the

8   security of our systems."

9       82.     By failing to protect against SQL Injection attack, RockYou failed to use

10  commercially reasonable safeguards to protect its consumers' personal data.

11      83.     By failing to maintain its consumers' personal data in an encrypted database,

12  RockYou failed to use commercially reasonable safeguards to protect its consumers'

13  personal data.  Storing sensitive PII in clear text is not commercially reasonable.

14      84.     On information and belief, RockYou has not taken any steps to prevent

15  continued disclosures of its user data online.

16      85.     Plaintiff and the Class members relied on RockYou's misrepresentations that

17  it would employ commercially reasonable methods to safeguard their personal data.

18      86.     By failing to employ commercially reasonable methods to safeguard its users'

19  personal data, RockYou violated its own written policy, as publicly provided in its Privacy

20  Policy.

21      87.     Defendant has violated the "unlawful" prong of the UCL because its conduct

22  as alleged herein violated the Stored Communications Act, 18 U.S.C. § 2702, the Consumer

23  Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and the California Computer Crime Law,

24  Cal. Penal Code § 502.

25      88.     Defendant has violated the fraudulent prong of the UCL by misrepresenting to

26  its users that it would use commercially reasonable methods to safeguard and secure their PII

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1   in order to induce reliance on its statements for commercial gain.

2           89.     Defendant has violated the unfair prong of the UCL because it operated a

3   business that induced consumers to submit PII with the written assurance that the data would

4   be protected through commercially reasonable methods.  Defendant knowingly failed to

5   provide any commercially reasonable security methods.

6           90.     Defendant's unfair or deceptive practices occurred primarily and substantially

7   in California.  Decisions concerning the retention and safeguarding of user information were

8   made in California, RockYou maintains all or a substantial part of its computer systems

9   containing user information in California, and the security breach of its computer systems

10  took place primarily and substantially in California.

11          91.     As a result of RockYou's conduct as alleged herein, Plaintiff and Class

12  members have lost money and/or property.  They have lost money in the form of the value of

13  their personal data.  They have lost property in the form of their breached personal data,

14  which is of great value to RockYou, RockYou's advertisers, and wrongdoers.

15          92.     Pursuant to Cal. Bus. & Prof. Code §§ 17203 and/or 17204, Plaintiff seeks an

16  order permanently enjoining Defendant from continuing to engage in the unfair and unlawful

17  conduct described herein.  Plaintiff seeks an order requiring Defendant to (1) immediately

18  stop the unlawful practices stated in this Complaint; (2) ensure that RockYou user data does

19  not appear in Internet search engines; (3) ensure that RockYou employs commercially

20  reasonable methods to safeguard its user data; and, (4) pay attorney's fees, and costs pursuant

21  to Cal. Code Civ. Proc. § 1021.5.

22  //

23  //

24  //

25  //

26  //

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1

**THIRD CAUSE OF ACTION**

2

**Violation of California's Computer Crime Law ("CCCL"), Cal. Penal Code § 502**

3

**(This Count has been dismissed with prejudice and is included only to preserve a**

4

**potential appeal)**

5

**(On Behalf of Plaintiff and the Class)**

6

        93.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

7

        94.     RockYou knowingly and without permission provided a means for third

8

parties to access its database and alter, damage, delete, destroy, steal, copy or otherwise use

9

its users' data in violation of Cal. Penal Code § 502(c)(6).

10

        95.     RockYou knowingly and intentionally failed to follow even the most basic

11

database security protocols and thereby failed to safeguard and secure its users' sensitive PII

12

by failing to employ commercially reasonable safeguards for its users' data.

13

        96.     RockYou acted without permission by failing to obtain permission from its

14

users, as the owners of their data, to provide a means for hackers to access their personal

15

data.

16

        97.     RockYou acted knowingly by failing to use commercially reasonable

17

safeguards to protect user data that it not only promised to use, but also because it had actual

18

knowledge of the appropriate, commercially reasonable safeguards.

19

        98.     RockYou provided a means of access to its users' data by failing to use

20

commercially reasonable safeguards to protect against well-known exploits.

21

        99.     RockYou's knowing and willful conduct created the gaping security hole

22

necessary for a malicious third party to directly access its database.  Without RockYou's

23

knowing and willful failure to follow industry standards for data security, a third party hacker

24

could not have stolen Plaintiff and the Class's sensitive PII.

25

        100.    As a direct and proximate result of RockYou's violation of § 502, RockYou

26

caused loss to Plaintiff and the Class members in the form of the value of the personal

27

28

1   information Plaintiff and the Class members paid to RockYou in exchange for its products

2   and services, and its promise to protect their data, in an amount to be proven at trial.  Plaintiff

3   and the Class are entitled to the recovery of attorneys' fees pursuant to § 502(e).

4          101.    Plaintiff and Class members have also suffered irreparable injury as a result of

5   Defendant's unlawful conduct, including the harvesting of their personal information.

6   Additionally, because the stolen information cannot be returned, the harm from the security

7   breach is ongoing and compounding.  Accordingly, Plaintiff and the Class have no adequate

8   remedy at law, entitling them to injunctive relief.

9                              **FOURTH CAUSE OF ACTION**

10     **Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.**

11     **(This Count has been dismissed with prejudice and is included only to preserve a**

12                                    **potential appeal)**

13                        **(On Behalf of Plaintiff and the Class)**

14         102.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

15         103.    The Consumers Legal Remedies Act prohibits the act, use or employment by

16  any person of any deception, fraud, false pretense, false promise, misrepresentation,

17  concealment, suppression or omission of any material fact with intent that others rely upon

18  such act in connection with the sale or advertisement of any merchandise whether or not any

19  person has in fact been misled, deceived or damaged thereby.

20         104.    As described within, Defendant has engaged in deceptive practices, unlawful

21  methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq*., to

22  the detriment of Plaintiff and the Class.

23         105.    Defendant, acting with knowledge, intentionally and unlawfully brought harm

24  upon Plaintiff and the Class by deceptively inducing Plaintiff and the Class to register with

25  RockYou based upon deceptive and misleading representations that it would take

26  commercially reasonable steps to safeguard its users' sensitive PII.  Specifically, Defendant

27

28
SECOND AMENDED COMPLAINT
09-cv-6032-PJH
                                           22

1   violated Cal. Civ. Code § 1750 by violating § 1770(a)(5) by representing that goods or

2   services have characteristics and benefits, which they do not have.  Specifically, RockYou

3   represented that it used commercially reasonable safeguards to protect its consumers' data,

4   which it did not actually do.

5       106.    Plaintiff and the Class members purchased RockYou's products and services

6   by paying RockYou with valuable personal information, thereby making them consumers

7   under the CLRA.

8       107.    Plaintiff and the Class members relied on RockYou's promise to use

9   commercially reasonable methods to safeguard their personal data.

10      108.    Plaintiff and the Class have suffered harm as a direct and proximate result of

11  the Defendant's violations of law and wrongful conduct.

12      109.    Under Cal. Civ. Code § 1780(a) and (b), Plaintiff and the Class seek

13  injunctive relief requiring Defendant to cease and desist the illegal conduct described herein,

14  and any other appropriate remedy for violations of the CLRA. For the sake of clarity,

15  Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

16                    **FIFTH CAUSE OF ACTION**

17                        **Breach of Contract**

18                 **(On Behalf of Plaintiff and the Class)**

19      110.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

20      111.    In order to use its social-networking applications, Defendant required that

21  Plaintiff and the Class affirmatively assent to its Terms of Use Agreement (the

22  "Agreement").

23      112.    The Agreement's provisions constitute a valid and enforceable contract

24  between Plaintiff and the Class on the one hand, and Defendant on the other.

25      113.    Under the terms of the contract, Plaintiff and the Class members agreed to pay

26  RockYou in the form of their valuable personal data in exchange for RockYou's products

27

28
SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1   and services and RockYou's promise to use commercially reasonable safeguards for their

2   consumers' user data.

3       114.    Under the Agreement, in order to use Defendant's social networking

4   applications, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant,

5   including but not limited to their e-mail addresses and corresponding passwords.  In turn,

6   under the Agreement Defendant promised that "RockYou! uses commercially reasonable

7   physical, managerial, and technical safeguards to preserve the integrity and security of your

8   personal information."  Defendant further promised that it would provide Plaintiff and the

9   Class with prompt and sufficient notice if their sensitive PII was compromised.

10      115.    Defendant materially breached the terms of the Agreement by its wrongful

11  conduct alleged herein, including failing to properly secure its databases, thereby allowing

12  Plaintiff's and the Class's sensitive PII to be compromised.  Defendant further materially

13  breached the terms of the Agreement by failing to promptly and sufficiently notify Plaintiff

14  and the Class that their sensitive personal information had been compromised.

15      116.    As a result of Defendant's misconduct and breach of the Agreement described

16  herein, Plaintiff and the Class suffered injury.  Plaintiff and the Class members did not

17  receive the benefit of the bargain for which they contracted and for which they paid valuable

18  consideration in the form of their personal information, which has ascertainable value to be

19  proven at trial.

20                          **SIXTH CAUSE OF ACTION**

21                          **Breach of Implied Contracts**

22                      **(On Behalf of Plaintiff and the Class)**

23      117.    Plaintiff incorporates the foregoing allegations as if fully set forth herein,

24  excluding paragraphs 110-116.

25      118.    Plaintiff hereby pleads in the alternative to his Fifth Cause of Action.

26

27

28
    SECOND AMENDED COMPLAINT
    09-cv-6032-PJH

119.    In order to use Defendant's social-networking applications, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant, including their e-mail addresses and corresponding passwords.

120.    By providing that sensitive PII, and upon Defendant's acceptance of such information, Plaintiff and the Class, on the one hand, and Defendant, on the other hand, entered into implied contracts whereby Defendant was obligated to take commercially reasonable steps to secure and safeguard that information.

121.    Under the implied contract, Defendant was further obligated to provide Plaintiff and the Class prompt and sufficient notice of any and all unauthorized access and/or theft of their sensitive PII.

122.    Without such implied contracts, Plaintiff and the Class would not have provided their personal information to Defendant.

123.    By failing to properly secure Plaintiff and the Class's sensitive PII, and further by failing to notify Plaintiff and the Class that their personal information had been compromised, Defendant breached its implied contracts with Plaintiff and the Class.

124.    Defendant's breach and other misconduct described herein resulted in injury to Plaintiff and the Class. Plaintiff and the Class members did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration in the form of their personal information, which has ascertainable value to be proven at trial.

### SEVENTH CAUSE OF ACTION

#### Negligence

#### (On Behalf of Plaintiff and the Class)

125.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

126.    In order to use Defendant's social-networking applications, Plaintiff and the Class transmitted several pieces of sensitive PII to Defendant, including their e-mail addresses and corresponding passwords.

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1    127.    By agreeing to accept Plaintiff and the Class's sensitive PII, Defendant

2    assumed a duty, which required it to exercise reasonable care to secure and safeguard that

3    information and to utilize commercially reasonable methods to do so.

4    128.    Defendant failed to protect its databases against SQL injection attacks and

5    other security vulnerabilities, failed to encrypt Plaintiff and the Class member's passwords,

6    and failed to provide Plaintiff and the Class with prompt and sufficient notice that their

7    sensitive PII had been compromised, thereby breaching its duties to Plaintiff and the Class.

8    129.    By failing to take proper security measures to protect Plaintiff and the Class's

9    sensitive PII as described herein, Defendant's conduct was grossly negligent and departed

10   from all reasonable standards of care.

11   130.    As a direct and proximate result of Defendant's failure to exercise reasonable

12   care and use commercially reasonable security measures, its databases were accessed without

13   authorization and Plaintiff and the Class's sensitive PII was compromised.

14   131.    That security breach and resulting unauthorized access to Plaintiff and the

15   Class's sensitive PII was reasonably foreseeable by Defendant, particularly in light of the fact

16   that the method used to access Defendant's databases—an SQL injection attack—was well-

17   known within the industry and had been successfully guarded against by companies similar

18   to Defendant for approximately a decade prior to the instant breach.

19   132.    Neither Plaintiff nor the other members of the Class contributed to the security

20   breach described herein or to the unauthorized access of their sensitive PII.

21   133.    As a direct and proximate result of Defendant's misconduct described herein,

22   Plaintiff and the Class were injured because they suffered the public disclosure of personal

23   information without consent and because they were deprived the benefit of the services for

24   which they bargained and for which they paid valuable consideration in the form of their

25   personal information, which has ascertainable value to be proven at trial.

26

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

1

**EIGHTH CAUSE OF ACTION**

2

**Negligence Per Se**

3

**(On behalf of Plaintiff and the Class)**

4      134.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

5      135.    Defendant's violations of the Stored Communications Act, 18 U.S.C. § 2702,

6   Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Penal Code § 502, *et seq.*, and Cal. Civ. Code

7   § 1750, *et seq.*, resulted in injury to Plaintiff and the Class.

8      136.    The harm Defendant caused to Plaintiff and the Class are injuries that result

9   from the type of occurrences those statutes were designed to prevent.

10      137.    Plaintiff and the Class are the type of persons for whose protection those

11   statutes were adopted.

12      138.    Defendant's violations of the foregoing statutes as described herein resulted in

13   injury to Plaintiff and the Class. Plaintiff and the Class members did not receive the benefit

14   of the bargain for which they contracted and for which they paid valuable consideration in

15   the form of their personal information, which has ascertainable value to be proven at trial.

16

**PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the

18   following relief:

19      A.      Certify this case as a class action on behalf of the Class defined above,

20   appoint Alan Claridge as class representative, and appoint his counsel as class counsel;

21      B.      Declare that RockYou's actions, as described herein, violate the Stored

22   Communications Act, 18 U.S.C. § 2702, the California Unfair Competition Law, Cal. Bus. &

23   Prof. Code § 17200, *et seq.*, the Computer Crime Law, Cal. Penal Code § 502, and the

24   Consumer Legal Remedies Act (Cal. Bus. & Prof. Code § 1750), and constitute breach of

25   contract, or in the alternative, breach of implied contract, as well as negligence and

26   negligence per se.

27

28

SECOND AMENDED COMPLAINT
09-cv-6032-PJH

C.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*: (i) an order prohibiting RockYou from engaging in the wrongful and unlawful acts described herein; (ii) ensuring that RockYou user data does not appear in Internet search engines; and (iii) requiring RockYou to protect all data collected through the course of its business in accordance with industry standards;

D.      Award damages, including statutory damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

E.      Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.      Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.      Award such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  May 11, 2011

By: s/ Michael Aschenbrener
Michael Aschenbrener
EDELSON MCGUIRE LLC
One of the Attorneys for Plaintiff