DAVID C. PARISI (SBN 162248)
(dcparisi@parisihavens.com)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299

JAY EDELSON (*Pro Hac Vice*)
(jedelson@edelson.com)
CHRISTOPHER L. DORE (*Pro Hac Vice*)
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ALAN CLARIDGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKYOU, INC., a Delaware corporation,<br><br>Defendant. | Case No. 09-CV-6032 - PJH<br><br>[PROPOSED] ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, ENTERING DISMISSAL WITH PREJUDICE<br><br>Judge: Honorable Phyllis J. Hamilton |

**WHEREAS** a putative class action is currently pending before the Court entitled *Claridge v. Rockyou, Inc.* ("Action");

**WHEREAS** the Court has reviewed Plaintiff's Motion for Approval of Class Action Settlement, including all supporting exhibits, filed December 15, 2011; and has reviewed the Settlement Agreement ("Agreement") and exhibits thereto, accompanying Plaintiff's Motion;

**WHEREAS**, except where otherwise defined herein, all capitalized terms contained herein shall have the meanings assigned to them in the Agreement;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and the Defendant.

2. The Court has conducted an evaluation of the fairness, reasonableness and adequacy of the proposed settlement set forth in the Agreement. The Court finds that the settlement appears to be the product of serious and informed arm's length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representative or any members of the Settlement Class; and falls within the range of reasonableness meriting approval. The Court therefore GRANTS approval of the Settlement.

3. In consideration for the settlement of the Action, the releases stated therein, and the dismissal of this Action, Defendant RockYou hereby knowingly and voluntarily consents to an injunction of a limited term of thirty-six (36) months requiring it to undergo two audits of its information systems security policies with respect to the maintenance of consumer records to be conducted by an independent third-party selected by RockYou. To the extent that such audits reveal credible security threats, RockYou agrees to correct deficiencies in its policies. RockYou shall be bound by the injunction described in Section 2.1 of the Settlement Agreement, so long as it is engaged in the business of collecting and maintaining consumer records as alleged in the Action.

4. The Court hereby certifies a Settlement Class, in connection with and solely for purposes of settlement, defined as follows:

> All individuals and entities in the United States who had RockYou accounts in 2009.

5. The Court finds that, in connection with the settlement, and based on Plaintiff's Motion, including all exhibits thereto:

    (a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Fed. R. Civ. P. 23(a)(1);

    (b) There are questions of law and fact common to the Settlement Class, satisfying the requirements of Fed. R. Civ. P. 23(a)(2);

    (c) The claims of Plaintiff are typical for settlement purposes of the claims of the Settlement Class, satisfying the requirements of Fed. R. Civ. P. 23(a)(3);

    (d) The Plaintiff, as Class Representative, will fairly and adequately protect the interests of each member of the Settlement Class, satisfying the requirements of Fed. R. Civ. P. 23(a)(4);

    (e) Alan Claridge is hereby appointed as Class Representative of the Settlement Class;

    (f) The Court hereby appoints Jay Edelson and Christopher L. Dore of Edelson McGuire, LLC as Class Counsel, having determined that the requirements of Fed. R. Civ. P. 23 are fully satisfied by their appointment; and

    (g) Final injunctive relief is appropriate respecting the Class as a whole, satisfying the requirements of Fed. R. Civ. P. 23(b)(2).

6. Pursuant to Rule 23(c)(2)(A), notice of the Parties' settlement is not required because the Settlement Class is sufficiently cohesive and the Class Representative can adequately represent absent members without notice.

7. The certification of the Settlement Class is contingent on, and for the purposes of, settlement only.

8. The Court approves Class Counsel's request for attorneys' fees and expenses in the amount of $290,000, finding that the award is reasonable and appropriate in light of the facts of this case and the results obtained by the litigation. The Court determined this amount to be proper according to the lodestar method of calculating attorneys' fees by finding that Class Counsel's lodestar is reasonable, as supported by Class Counsel's submitted declaration, and the lodestar is in fact higher than the requested award.

9. The Court approves an incentive award for Plaintiff in the amount of $2,000.

10. The Court hereby dismisses the Second Amended Complaint in this action with prejudice and without fees or costs, except as provided in the Agreement, and renders judgment in favor of Defendant;

11. Plaintiff and Settlement Class Members are hereby deemed to have fully, finally and forever released, relinquished and discharged the Released Parties from all Released Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any Released Claims against the Released Persons.

12. Neither the Agreement nor the settlement, nor any discussion, act, or document prepared or executed in connection with or in furtherance of the Agreement or settlement, (a) may be used as an admission, concession, or evidence of the validity of any Released Claims or any wrongdoing or liability on the part of Defendant; (b) may be used as an admission, concession, or evidence of any fault, false or misleading statement or omission of Defendant in any civil, criminal, or administrative proceeding, in any court, administrative agency or other tribunal; or (c) may be used or admitted in evidence for any purpose other than enforcement of the terms of the Agreement or the settlement.

13. Without affecting the finality of this Order and Judgment, the Court retains exclusive jurisdiction over the Parties and Settlement Class Members for all matters relating to this action and the settlement, including the administration, interpretation, implementation or enforcement of the Agreement and this Judgment.

14. The Court finds there is no just reason for delay and expressly directs that Judgment be entered immediately by the Clerk of the Court.

**SO ORDERED.**

Dated: March 28, 2012



4

(09-cv-6032-PJH)